## Commonwealth v. Watson

*Bryan Tiley,* for Commonwealth.

*Samuel Lassoff* and *Timothy Peterwile,* for defendant.

HODGSON, *P.J.,* August 13, 2008—Nancy Watson (appellant) appeals to the Superior Court of Pennsylvania from the judgment of sentence imposed on her by this court on June 19, 2008.

### FACTS AND PROCEDURAL HISTORY

On June 29, 2007 Officers Joseph Regan and Richard Wayock of the Lower Merion Township Police Depart-

ment were conducting a DUI checkpoint near Lancaster Avenue and Lankenau Drive in Montgomery County, Pennsylvania. At approximately 11 p.m. that evening, appellant operated her vehicle through the checkpoint whereupon she came into contact with Regan, who began speaking with her and explaining the purpose of the stop. During their conversation, Regan detected a strong odor of alcohol on appellant's breath and noticed that her eyes were glassy and her speech was mumbled. Suspecting that appellant was intoxicated, Regan requested that she exit her vehicle. Upon doing so, appellant began staggering and needed assistance to walk. Regan then directed appellant to a separate area whereby Wayock administered a series of standard field sobriety tests. Unable to successfully perform the tests, appellant was handcuffed and informed that she would be transported to Lankenau Hospital for a blood test. Upon reaching the hospital however, appellant began protesting and then placed her foot on the wall to prevent herself and the officers from entering.[1] She was thereafter accompanied back to the police vehicle where she was explained the concept of implied consent and was advised that if she failed to comply with the test, her license would be suspended for one year. The officers then presented appellant with a document to this effect, which she refused to sign.

Appellant was thereafter taken into custody and charged with driving under the influence of alcohol in

---

1. Appellant testified contrary to this, she felt a pain in her wrist when the handcuffs were being placed on her and that despite her requests for medical attention, she was never taken to the hospital.

violation of 75 Pa.C.S. §3802(a)(1). After filing a motion to suppress which she later withdrew, the matter proceeded to a trial in which a jury found appellant guilty of the charge against her. She was thereafter sentenced to a term of imprisonment of one to two years to be served at a state correctional institution. Appellant now appeals her judgment of sentence. In accordance with section 1925(b) of the Pennsylvania Rules of Appellate Procedure, we directed appellant to file a concise statement of errors complained of on appeal no later than July 21, 2008. Appellant filed said statement on July 16, 2008.

## LEGAL DISCUSSION

### I. *Motion To Suppress*

Appellant argues that this court erred in denying her motion to suppress the relevant physical and testimonial evidence arising from her vehicle stop. A review of the record reveals that appellant filed a motion to suppress on September 27, 2007 yet it was later withdrawn. (N.T. April 9, 2008 at pp. 6-10.) There were no other documents or motions to this effect subsequently filed. On this basis, any other issues raised in appellant's suppression motion are waived and we are therefore unable to address appellant's grievance.

### II. *Sufficiency of Evidence*

Appellant argues that there is insufficient evidence to support the jury's verdict that she violated 75 Pa.C.S. §3802(a)(1) as there was no evidence presented which indicated that she was operating her vehicle in an unsafe manner or that she was under the influence of alcohol.

Although there was testimony presented regarding appellant's performance of various field sobriety tests, such evidence is indicative of an individual's balance and therefore is irrelevant as it pertains to a person's ability to safely drive a vehicle. Moreover, the admission of said evidence violated appellant's right against unreasonable search and seizure.

In determining whether there is sufficient evidence to support a verdict, the relevant test is:

"[W]hether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the trier of fact could have determined all the elements of the crime have been established beyond a reasonable doubt." *Commonwealth v. O'Bryon*, 820 A.2d 1287, 1290 (Pa. Super. 2003).

Therefore, in considering whether there is sufficient evidence to support appellant's conviction, we must review 75 Pa.C.S. §3802(a) which governs driving under the influence of alcohol or a controlled substance. The statute states that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. §3802(a)(1).

After reviewing the above referenced statute as well as the relevant testimony, we find that there is sufficient evidence to support appellant's conviction. At trial, Regan testified that upon interacting with appellant, he noticed that her speech was slurred and that she had an

odor of alcohol on her breath. Regan further remarked that appellant was unable to walk on her own and needed his assistance in doing so. His testimony was supported by that of Wayock who stated that appellant was unable to successfully complete the field sobriety tests that were administered to her. Based on these testimonies, we find that there was sufficient evidence upon which the jury could find, beyond a reasonable doubt, that appellant was intoxicated to the point that she was incapable of safely operating her vehicle.

We also find that evidence of appellant's performances of the various field sobriety tests was properly admitted and did not violate her Fourth Amendment right against unreasonable searches and seizures. It has been held that where there are "specific and articulable" facts giving rise to a reasonable suspicion of criminal activity, the police may restrict an individual's freedom for a limited period of time in order to conduct an investigation. *Commonwealth v. Toanone,* 381 Pa. Super. 336, 341, 553 A.2d 998, 1000 (1989). In *Toanone,* a police officer was investigating an accident scene and asked the defendant to step outside of the car. In doing so, the officer noticed that the defendant had an odor of alcohol and was unsteady. He asked the defendant to perform a series of field sobriety tests, which he failed. As a result, the defendant was arrested and subsequently filed a motion to suppress arguing that his constitutional rights were violated. The Superior Court held that because the officer had a reasonable belief that the defendant may have been intoxicated, "he was justified in asking the defendant to perform field sobriety tests." *Id.* at 341, 553 A.2d at 1000. Similarly in the instant case, Regan was also justified in

requesting appellant to submit to field sobriety tests based on his suspicion that appellant was intoxicated as a result of her slurred speech, glassy eyes and odor of alcohol. On this basis, we find that appellant's right against unlawful searches and seizure was not violated.

### III. *Error in Considering Appellant's Failure To Submit to Chemical Testing*

Appellant asserts that this court erred in considering her failure to submit to chemical testing as a refusal pursuant to 75 Pa.C.S. §3804(c) since she was denied her guaranteed right to counsel when she was asked to take said test. We disagree upon finding that appellant was not denied such a right.

The Pennsylvania Superior Court has held that a defendant's right to counsel attaches at critical stages of a proceeding or prosecution. A "critical stage" of the prosecution is defined as "any stage of the prosecution, formal or informal, in or out of court, where counsel's absence might derogate from the accused's right to a fair trial." *Commonwealth v. McCoy,* 895 A.2d 18, 29 (Pa. Super. 2006) citing *U.S. v. Wade,* 388 U.S. 218 (1967). Notwithstanding this however, the court has held that "the decision of whether to submit to chemical testing" when "made during an encounter involving the gathering of evidence" is not a critical proceeding "for the purposes of right to counsel." *Id.* at 28. Applying *McCoy* to the instant case, we find that appellant was not improperly deprived of her right to assistance of counsel when she was presented with the officers' request to submit to a blood-alcohol test. Appellant maintains however, that

the Supreme Court is currently reconsidering this issue to determine whether the right to counsel does apply in such circumstances. Although it is true that the Pennsylvania Supreme Court[2] has granted an allowance of appeal with regard to this matter, a decision has not yet been rendered. Therefore for the purposes of the instant case, we are bound by the Superior Court's ruling and find that appellant was not entitled to counsel and as such, we did not err in considering appellant's failure to submit to a blood-alcohol test.

## IV. *Sentencing of Appellant to State Institution*

Appellant lastly maintains that this court erred in sentencing appellant to a state correctional institution and by failing to provide an explanation for its decision.

When evaluating the imposition of a sentence, the Superior Court has held that such a decision is vested within the discretion of the sentencing court and, absent a manifest abuse of discretion, will not be disturbed by an appellate court. *Commonwealth v. Stafford,* 932 A.2d 214, 216 (Pa. Super. 2007). In the instant case, appellant's conviction was considered to be her third DUI offense. An individual who violates 75 Pa.C.S. §3802(a), who has committed his or her third or subsequent offense and who has refused blood or alcohol testing, may receive a mandatory minimum sentence of imprisonment for not less than one year, a minimum fine of $2,500 and compliance with all drug and alcohol treatment requirements imposed under 75 Pa.C.S. §3814 and 75 Pa.C.S. §3815. See 75 Pa.C.S. §3804.

_____

2. *Commonwealth v. McCoy,* 951 A.2d 264 (Pa. 2008).

Appellant was convicted of driving under the influence of alcohol or a controlled substance, in violation of 75 Pa.C.S. §3802(a) and was found to have refused to submit to chemical testing. In determining her sentence, we considered the fact that her conviction was her third offense since 2002 and she had previously served two sentences in various county correctional facilities. We further took note of the fact that appellant had failed to take any corrective steps to rectify her behavior. Based on these factors, which we placed on the record, we find that appellant was properly sentenced to a term of imprisonment to be served at a state correctional institution.

## CONCLUSION

Based on the foregoing, the undersigned respectfully requests that the instant appeal be dismissed.