**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Jodey R. KINNEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 2001.

Filed June 12, 2001.

Helen A. Stolinas, Towanda, for appellant.

Stephen G. Downs, Assistant District Attorney, Towanda, for Com.

Before: CAVANAUGH, LALLY-GREEN, and TAMILIA, JJ.

LALLY-GREEN, J.

¶ 1 Appellant, Jodey R. Kinney, appeals from the judgment of sentence imposed following his conviction for driving under the influence of alcohol. Appellant challenges the grading of the offense. We vacate and remand for resentencing.

¶ 2 The facts are as follows. On January 18, 2000, Appellant entered a plea of guilty to driving under the influence of alcohol. N.T., 1/18/00, at 1–16. Appellant has a prior "driving under the influence" offense in Pennsylvania, which initially resulted in ARD disposition. N.T., 2/17/00, at 2. Appellant also has a "driving while intoxicated" conviction in the state of New York. *Id.* at 3. At the Plea Hearing, the trial court included both the New York conviction with the previous Pennsylvania ARD disposition in determining the number of Appellant's prior convictions for grading of the offense for sentencing purposes. N.T., 1/18/00, at 4–6. As a result, the trial court graded the offense as a misdemeanor of the first degree instead of a misdemeanor of the second degree and advised Appellant of the resulting penalties. *Id.* at 14.

¶ 3 Appellant's counsel informed the trial court at the plea hearing and prior to sentencing that the proper grading of the offense is a misdemeanor of the second degree which is punishable by imprisonment of up to two years and a fine of up to five thousand dollars. N.T., 2/17/00, at 2–7. Counsel reasoned that Appellant's New York conviction should not be considered under Pennsylvania's statute because the Pennsylvania statute does not permit consideration of out-of-state convictions when the offense is graded. N.T., 2/17/00, at 2–5. The trial judge heard the argument and offered to end the proceeding. N.T., 2/17/00, at 5–6. Appellant agreed to continue with the proceeding but noted his argument for the record. N.T., 2/17/00, at 7. The offense was graded as a misdemeanor of the first degree and a sentence of one to four years' imprisonment was imposed. N.T., 2/17/00, at 8. This appeal followed.

¶ 4 Appellant raises one issue on appeal:

Whether this DUI offense is properly graded as a misdemeanor of the first degree, even though the defendant has no prior convictions under Pennsylvania's drunk driving statute?

Appellant's Brief at 4. Essentially, Appellant challenges the legality of his sentence and claims that the New York conviction should not be applied in grading the new offense. Both the trial court and the Commonwealth concede this argument.[1] We agree.

¶ 5 We are mindful that:

After a defendant has entered a plea of guilty, the only matters that may be raised on appeal are the jurisdiction of the court, the validity of the guilty plea, and the legality of sentence.

---

1. The trial court stated: "The court agrees that Appellant's conviction should have been graded as a misdemeanor of the second degree. The court agrees that sentence should be vacated and the matter should be remanded to the court for sentencing." Trial Court Opinion, 8/28/00, at 1. The Commonwealth stated that: "The sentence of the Court was illegal because it exceeded the two year minimum sentence allowed by law for a misdemeanor of the first degree. Furthermore, the Court relied upon sentencing guidelines calculated for a misdemeanor of the first degree. Therefore, the case should be remanded for resentencing." Commonwealth's Brief at 1.

*Commonwealth v. Fogel*, 741 A.2d 767, 769 (Pa.Super.1999). If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. *Commonwealth v. Arest*, 734 A.2d 910, 912 (Pa.Super.1999). An illegal sentence must be vacated. *Id.*

¶ 6 The relevant statute, 75 Pa.C.S.A. § 3731 (Driving under the Influence), is a penal statute and provides in part:

**(e) Penalty.—**

**(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree,** and the sentencing court shall order the person to pay a fine of not less than $ 300 and serve a minimum term of imprisonment of:

(i) Not less than 48 consecutive hours.

(ii) Not less than 30 days if the person has previously accepted Accelerated Rehabilitative Disposition or any other form of preliminary disposition, been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act (42 Pa.C.S. § 6301 et seq.) based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) Not less than 90 days if the person has twice previously been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) Not less than one year if the person has three times previously been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(2) Acceptance of Accelerated Rehabilitative Disposition, an adjudication of delinquency or a consent decree under the Juvenile Act or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

75 Pa.C.S.A. § 3731(e)(1), (2) (emphasis added).

¶ 7 The Rules of Construction of Statutes require that all provisions of penal statutes be strictly construed. 1 Pa.C.S.A. § 1928(b)(1). This Court offered the following guidance in this area:

When interpreting a penal statute, we are guided by the following principles:

All penal provisions should be strictly construed, and ... where an ambiguity exists in the language employed by the legislature in a penal statute, it should be interpreted in a light most favorable to the criminally accused. While strict construction of penal statutes is required, however, courts are not required to give words of a criminal statute their narrowest meaning or disregard evident legislative intent. Indeed, it is a clear principle of our jurisprudence that where a statute is unclear on its face, resort must be taken to the intent of the General Assembly in enacting the provision, paying heed to such matters as the occasion and necessity for the statute, the circumstances underlying its enactment, the mischief to be remedied, and the object to be obtained. Moreover, the legislature is presumed, in drafting

the statute, not to have intended a result which is absurd.

*Commonwealth v. A.W. Robl Transport,* 747 A.2d 400, 403 (Pa.Super.2000), *appeal denied,* 564 Pa. 701, 764 A.2d 1063 (2000). Our Supreme Court offered the following instructions for determining the intent of the legislature:

> In determining legislative intent, sections of a statute must be read together and construed with reference to the entire statute. 1 Pa.C.S. § 1921(a). When the words of a statute are free and clear of all ambiguity, the courts cannot disregard the letter of it under the pretext of pursuing the spirit of the statute. 1 Pa.C.S. § 1921(b). Also, **where the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded.** *Cali v. City of Philadelphia,* 406 Pa. 290, 305, 177 A.2d 824, 832 (1962). Moreover, **where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show a different legislative intent.** *Commonwealth v. Bigelow,* 484 Pa. 476, 484, 399 A.2d 392, 395 (1979).

*Fonner v. Shandon, Inc.,* 555 Pa. 370, 724 A.2d 903, 907 (1999) (emphasis added).

¶ 8 Strictly construing 75 Pa.C.S.A. § 3731(e)(1), and resolving the ambiguity in favor of the accused, we conclude that, for purposes of grading an offense, convictions of an equivalent offense in other jurisdictions can not be used. Section 3731(e)(1) sets out the grading of the offense. Sections 3731(e)(1)(ii)-(iv) set out the applicable sentences. Section 3731(e)(2) provides that ARD is to be computed as a first offense under Section 3731(e)(1).

¶ 9 Nothing in Section 3731(e)(1), the grading section, addresses convictions in other jurisdictions. On the other hand, Sections 3731(e)(1)(ii-iv) speak, for sentencing purposes, of convictions in "this or other jurisdictions." Thus, we are asked to resolve whether the phrase "third and subsequent offense" includes offenses only committed in the Commonwealth.

¶ 10 The ambiguity in the statute is, according to *Fonner,* to be resolved in favor of the accused. We leave to the legislature to state clearly what it meant. We are without power, however, to write what easily could have been written. In conclusion, offenses from other jurisdictions can not, under the language of § 3731(e)(1) be used for grading of the current offense. On the other hand, offenses from other jurisdictions are statutorily required to be used in determining the sentence.

¶ 11 We now turn to the issue of Appellant's sentence. The record reveals that Appellant has a previous ARD disposition in Pennsylvania. N.T., 2/17/00, at 2. According to Section 3731(e)(1) and (2), this is Appellant's second violation and is properly graded as a misdemeanor of the second degree.

¶ 12 Since a misdemeanor of the second degree may be penalized by a term of imprisonment not to exceed two years, 18 Pa.C.S.A. § 1104, the trial court's sentence of one to four years' imprisonment exceeded the maximum penalty allowed for a misdemeanor of the second degree. It is therefore illegal. Accordingly, we vacate the learned trial court's judgment of sentence and remand for re-sentencing.

¶ 13 Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.