COMMONWEALTH of Pennsylvania,
Appellee

v.

Delbert L. ALEXANDER, Appellant

Superior Court of Pennsylvania.

Submitted Sept. 9, 2002.

Filed Nov. 25, 2002.

Stephen E. Hall, Meadville, for appellant.

Roger M. Bauer, Asst. Dist. Atty., Meadville, for the Commonwealth, appellee.

Before: MUSMANNO, ORIE MELVIN, and BECK, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Delbert L. Alexander, appeals from the judgments of sentence imposed following his guilty pleas to two driving under the influence (DUI) charges and related summary offenses. Appellant contends the trial court improperly graded his third DUI offense and thereby imposed a sentence at Docket No. 2000–1291 that exceeds the statutory maximum. For the following reasons, we affirm.

¶ 2 The facts may be summarized as follows. On July 14, 2000, Appellant was charged at criminal Docket No. 2000–1267 with Driving Under the Influence (DUI), Driving Under Suspension–DUI related and other summary offenses [1] arising out of an incident which occurred on or about June 23, 2000 in Hayfield Township, Crawford County, Pennsylvania. On September 15, 2000, another criminal complaint was filed and docketed at No. 2000–1291 again charging Appellant with the same offenses, with the exception of one summary offense [2], arising out of an incident

1. 75 Pa.C.S.A. §§ 3731(a)(1) & (4)(i), 1543(b), 3309 and 3714, respectively.

2. 75 Pa.C.S.A. §§ 3731(a)(1) & (4)(i), 1543(b) and 3309, respectively.

which occurred or about May 20, 2000 in Vernon Township, Crawford County, Pennsylvania. On February 9, 2001, Appellant pled guilty to the DUI and suspension offenses at both docket numbers. Additionally, Appellant's criminal history included a prior conviction for DUI in July of 1998. Due to Appellant's failure to appear for sentencing he was not sentenced until December 3, 2001, whereupon the trial court imposed the following sentences. At Docket No. 2000–1267, sixteen (16) to thirty-six (36) months' imprisonment for the DUI offense and a concurrent mandatory sentence of ninety (90) days for Driving Under Suspension–DUI related along with the mandatory one thousand dollar ($1,000.00) fine. At Docket No. 2000–1291, a consecutive term of sixteen (16) to thirty-six (36) months' imprisonment for the DUI offense and a concurrent mandatory sentence of ninety (90) days' imprisonment and $1,000.00 fine for the Driving under Suspension–DUI related offense.

¶ 3 Appellant filed a motion for reconsideration of sentence as to both dockets averring that the court improperly graded both DUI offenses as misdemeanors of the first-degree (M1) when they should have been misdemeanors of the second-degree (M2). On February 4, 2002, the sentencing court granted reconsideration in part and vacated the sentence at 2000–1267. The court then immediately re-sentenced Appellant at 2000–1267 by treating that DUI offense as a second offense and thus an M2, and sentenced Appellant to nine (9) to twenty-four (24) months' incarceration for this DUI conviction with a ninety (90) day concurrent sentence for Driving Under Suspension–DUI related. The sentencing court at Docket No. 2000–1291, re-imposed its original sentence of sixteen (16) to thirty-six (36) months' imprisonment for this DUI conviction graded as an M1 (third offense) with credit for time

served. Appellant again filed a motion for reconsideration as to both dockets. In his motion he averred that the DUI offense at 2000–1267 could not be used as a prior offense for grading purposes because he had pled guilty at both dockets on the same date and thus the DUI offense at 2000–1291 should also be graded as an M2. The sentencing court denied reconsideration. Appellant filed separate appeals as to each docket, which this Court consolidated for appeal.

¶ 4 Appellant presents the following question for our review:

WHETHER [APPELLANT'S] DRIVING UNDER THE INFLUENCE CONVICTION STEMMING FROM AN INCIDENT OCCURRING ON MAY 20th, 2000, SHOULD BE TREATED AS A SECOND DEGREE MISDEMEANOR UNDER THE PROVISIONS OF 75 Pa.C.S.A. § 3731(e) WHERE [APPELLANT] WAS CONVICTED AT THE SAME TIME BY VIRTUE OF HIS PLEAS OF ANOTHER DRIVING UNDER THE INFLUENCE OFFENSE FROM A SUBSEQUENT INCIDENT OCCURRING ON JUNE 23rd, 2000, AND HAD A PREVIOUS DUI CONVICTION.

Appellant's brief, at 9.

¶ 5 Initially, we note that

[o]nce a defendant has entered a plea of guilty, the only matters that may be raised on appeal are the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. *Commonwealth v. Kinney*, 777 A.2d 492, 493 (Pa.Super.2001) (quoting *Commonwealth v. Fogel*, 741 A.2d 767, 769 (Pa.Super.1999)). If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. *Kinney*, 777 A.2d at 494 (quoting *Commonwealth v. Arest*, 734

A.2d 910, 912 (Pa.Super.1999)). An illegal sentence must be vacated. *Kinney*, 777 A.2d at 494 (citation omitted).

*Commonwealth v. Syno*, 791 A.2d 363, 365 (Pa.Super.2002).

¶ 6 Appellant argues that because he pled to both DUI offenses on the same date neither conviction can count towards establishing a third conviction under § 3731(e)(1), and both offenses should have been treated as second convictions and graded as misdemeanors of the second degree. As such, the sentence imposed at docket no. 2000–1291 of 16 to 36 months' imprisonment exceeds the statutory maximum for a misdemeanor of the second degree (two years) and is therefore illegal. Appellant relies on the line of cases that hold for purposes of sentence enhancement under § 3731(e)(1)(ii)–(iv) a conviction must occur prior to the commission of the subsequent offense. *See Commonwealth v. Beatty*, 411 Pa.Super. 450, 601 A.2d 1253 (1992) (*en banc*), *affirmed*, 533 Pa. 322, 623 A.2d 814 (1993) and *Commonwealth v. Tobin*, 411 Pa.Super. 460, 601 A.2d 1258 (1992) (*en banc*). We find *Beatty* and *Tobin* are distinguishable, and thus Appellant's reliance on these cases is misplaced.

¶ 7 In *Beatty* and *Tobin*, we were called upon to determine the correct point in time a sentencing court must utilize in establishing the defendant's status for purposes of applying the minimum mandatory penalty enhancement provisions of 75 Pa. C.S.A. § 3731(e)(1) subsections (ii) through (iv). Therein, this Court determined that the sentencing court must utilize the date of the offense for which the defendant is to be sentenced and determine the number of prior convictions as of that date. In other words " 'a present violation and a previous conviction constitute the look-back period.' [*Commonwealth v.*] *Kimmel*, 523 Pa. [107,] 111, 565 A.2d [426,] 428 [(1989)]." *Beatty*, 601 A.2d at 1255. Due to the ambiguous language contained in subsection (ii) through (iv), we utilized the so-called recidivist philosophy [3] as a tool in construing those subsections. Instantly, however, we are not concerned with the sentence enhancement provisions of § 3731(e)(1)(i)–(iv); therefore, our only focus is upon whether the trial court properly graded the multiple DUI offenses pursuant to the language of § 3731(e)(1).

¶ 8 As with all statutory interpretation we begin by looking to the language of the statute, because where the intent of the legislature is clear from the plain meaning of the statute, there is no need to pursue statutory construction. *Commonwealth v. Packer*, 568 Pa. 481, 488–89, 798 A.2d 192, 196 (2002). "Only when the language of the statute is ambiguous does statutory construction become necessary." *Id.* (citations omitted). Moreover, "[w]hen the words of a statute are free and clear of all ambiguity, the courts cannot disregard the letter of it under the pretext of pursuing the spirit of the statute." *Fonner v. Shandon, Inc.*, 555 Pa. 370, 378, 724 A.2d 903, 907 (1999) (citing 1 Pa.C.S. § 1921(b)).

¶ 9 The grading of a DUI offense is determined pursuant to § 3731(e) of the Vehicle Code as follows:

(e) Penalty.—

---

**3.** Our Supreme Court described this philosophy as follows:

It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck,' If the heavier penalty prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Dickerson*, 533 Pa. 294, 299, 621 A.2d 990, 992 (1993) (citation omitted).

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree,
. . . .

75 Pa.C.S.A. § 3731(e)(1). We find the applicable language of the grading provision stating that "a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree, . . . ." is clear and unequivocal. Unlike subsections (ii), (iii) and (iv) there is nothing in § 3731(e)(1) addressing whether or not a person was "previously . . . convicted of [a DUI] offense . . . within the previous seven years." Consequently, we are not concerned with a look back period to determine if there was a prior conviction for sentencing purposes. For purposes of grading, the sentencing court is only being asked to count the number of DUI offenses resulting in convictions at the time of sentencing. Clearly, the language of § 3731(e)(1) does not mean, as Appellant suggests, that a person's conviction of a third offense is determined by the number of prior convictions as of the date of the commission of that offense. The plain reading of the statute requires a grading of M2 if the person has less than three convictions and a grading of M1 if the person has three or more convictions. There is simply no requirement in the grading provision of § 3731(e)(1) that the second conviction be extant at the time that the third or subsequent conviction is committed. Since there is no ambiguity in this statutory language there is no occasion to engage in statutory construction. As such, the trial court properly rejected Appellant's call to apply the recidivist philosophy utilized in *Beatty* and *Tobin*.

¶ 10 The trial court properly discerned this difference between the grading and sentencing provisions and offered the following explanation for rejecting Appellant's second motion for reconsideration:

Specifically, for mandatory minimum [sentencing] purposes based on the language in 75 Pa.C.S.A. § 3731(e)(1) and the case law that has interpreted it, we considered for mandatory minimum [sentencing] purposes in each of the cases that the defendant had committed a second offense.

However, when determining the grading of the offense, that same subsection directs the court to look not to the date offenses were committed but to the date that the defendant was 'convicted of a third or subsequent offense' in determining whether or not the grading is a misdemeanor of the first degree.

Here, the defendant pled guilty on February 9, 2001 to both offenses and, therefore, was convicted of both on that date, one of which had to be a second offense and the other a third offense and we do not believe it matters which was the second and which was the third in light of the same conviction date.

Trial Court Opinion, 2/27/02, at 2. We agree with the trial court's astute rationale.

¶ 11 In this case, it is undisputed that Appellant had a DUI conviction in 1998 and was twice convicted on February 9, 2001, when he pled guilty to a DUI offense at 2000–1267 and at 2000–1291. It is clear that one of these February 9th convictions was a second conviction and the other was a third conviction. Given the plain language of the statute the sentencing court properly counted the convictions as one, two, and three. To accept Appellant's argument would require the sentencing court to count the convictions as one, two and two. Such a result would run contrary to the presumption that the legislature, in drafting a statute, does not intend a result

that is absurd. *Commonwealth v. A.W. Robl Transp.*, 747 A.2d 400, 403 (Pa.Super.2000), *appeal denied*, 564 Pa. 701, 764 A.2d 1063 (2000). Accordingly, we find Appellant's conviction at 2000–1291 was properly graded as an M1, which may be penalized by a term of imprisonment not to exceed five years. 18 Pa.C.S.A. § 1104(1). Thus, the sentence imposed of sixteen to thirty six months' imprisonment was within the statutory maximum and, therefore, is legal. Likewise, the conviction at 2000–1267 was properly graded as an M2, which may be penalized by a term of imprisonment not to exceed two years, 18 Pa.C.S.A. § 1104(2), and the corresponding sentence of nine to twenty four months' imprisonment did not exceed the statutory maximum and thus is legal.

¶ 12 Judgments of sentence affirmed.