**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Leo A. STAFFORD, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 2007.

Filed Aug. 24, 2007.

that it is irrelevant where a witness came from. **(Trial Court Memorandum, pp. 17–**

18, N.T. references omitted).

Rebecca L. Hudock, Lewisburg, for appellant.

D. Peter Johnson, Assistant District Attorney, Lewisburg, for Commonwealth, appellee.

BEFORE: LALLY–GREEN, DANIELS and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Leo A. Stafford appeals from the March 23, 2006, judgment of sentence of 12 to 60 months imprisonment and a $2,500 fine imposed after he pled guilty to driving under the influence of alcohol, with a blood alcohol level of .25%, in violation of 75 Pa.C.S.A. § 3802(c) **Highest rate of alcohol.**[1] Appellant was sentenced under the mandatory minimum sentencing provisions of the Vehicle Code, 75 Pa.C.S.A. § 3806, **Prior offenses,** after the court determined he had two prior DUI convictions within the past ten years. We affirm the judgment of sentence.

¶ 2 The trial court set forth the relevant facts and procedural history of this case as follows.

> On October 18, 2005 the Defendant entered a plea of guilty to charges of driving under the influence of alcohol and two summary Motor Vehicle Code charges. The plea agreement in pertinent part was that the Defendant would receive the mandatory minimum sentence. Because the Commonwealth and the Defendant could not agree as to what the mandatory minimum would be—90 days or 1 year—depending on whether the present offense would be considered a second of third offense within ten years, the plea agreement provided for the Defendant to reserve the right to appeal the sentence if the Court made a determination that it was one year.

> Defendant was scheduled for a sentencing hearing, and a presentence report was prepared. In the interim we offered the Defendant and the Commonwealth an opportunity to brief the issue of the proper calculation of the Defendant's prior DUI offenses. It is undisputed that Defendant had three prior DUI convictions—one in New York in 1985 and two in Pennsylvania on August 1, 1998. It is also undisputed that the two prior DUI convictions in Pennsylvania occurred on the same day—August 1, 1998, and that the Defendant was sentenced on both offenses on the same day—March 19, 1999.

> After consideration of the briefs of counsel, we ruled that the present offense was a third DUI offense, and that the Defendant was subject to a mandatory minimum sentence of 1 year. Accordingly, on March 23, 2006 we sentenced the Defendant consistent with our ruling to a sentence of 12 months to 60 months in a state correctional institution. Defendant now appeals the Court's judgment of sentence.

Trial Court Opinion, Knight, J., 3/13/07, at 1–3 (citations omitted).

¶ 3 On appeal, appellant raises one issue for our review:

> I. Should the Appellants prior DUIs, which were each treated as first offenses for sentencing purposes, be combined as one offense for purposed of sentencing the DUI in the above captioned matter?

Appellant's brief at 6. Relying on our Supreme Court's interpretation of Pennsylvania's "three strikes law" in *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185 (2005), appellant argues "his present

---

1. The sentencing court initially imposed an incorrect fine of $1,500, but later amended the fine to $2,500 on March 30, 2006.

DUI should only be punished as a second offense, due to the fact that the prior Pennsylvania DUI offenses were sentenced on the same date with no period of punishment served between sentences."[2] *Id.* at 8. We disagree.

¶4 Generally, the "[i]mposition of sentence is vested within the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion." *Commonwealth v. Griffin,* 804 A.2d 1, 7 (Pa.Super.2002) (citation omitted). A challenge to a sentencing court's application of a mandatory sentencing provision, however, implicates the legality, not the discretionary, aspects of sentencing. *Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280 (2000). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Williams,* 868 A.2d 529, 532 (Pa.Super.2005) (citations omitted).

¶5 This case concerns the sentencing court's interpretation of the mandatory minimum sentencing provisions set forth in section 3806 of the Vehicle Code, in relation to the mandatory minimum sentence requirement set forth in section 9714. We are faced with determining whether appellant's two prior DUI convictions should be afforded the benefit of the recidivist philosophy contained in section 9714 because he was convicted and sentenced for the two offenses on the same day. *See* Brief for Defendant—History of Case, 11/3/05,

Exhibits A, B, C, E; Record, No. 30. In relevant part, section 3806 provides:

(a) **General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition *before the sentencing on the present violation* for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

. . .

(b) **Repeat offenses within ten years.**—The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802;

. . .

75 Pa.C.S.A. § 3806(a), (b) (emphasis added).

¶6 Following our careful review and consideration, we find that a plain reading of section 3806 clearly indicates the court properly treated appellant's

---

**2.** In *Shiffler,* our Supreme Court considered the mandatory minimum sentence requirement of Pennsylvania's "three strikes law," 42 Pa.C.S.A. § 9714, **Sentences for second and subsequent offenses,** which imposes a sentence of no less than ten years on any individual who is convicted of a second crime of violence, and is found to be a high risk, dangerous offender. *Shiffler, supra* at 480, 879

A.2d at 186. *Shiffler,* like many of our Supreme Court's decisions, espouses the recidivist philosophy, applying it to section 9714. *Id.* at 494–495, 879 A.2d at 195–196. In *Shiffler,* the Court held that the sentencing enhancement under section 9714 is proper only where the defendant's prior convictions are sequential and each is separated by an intervening opportunity to reform. *Id.*

present offense as a third DUI offense for sentencing purposes. As the court correctly noted in its Opinion,

> We do not think *Shiffler* applies. Not only is the 'Three Strikes Law' limited to crimes of violence ... the Defendant's conviction was under 75 Pa.C.S.A. § 3802(c).
>
> ...
>
> With the prior DUI law there was ambiguity in the statutory language dealing with the calculation of the mandatory minimum sentence. But under the new DUI law provisions ... the ambiguity that existed in the prior DUI law and generated the recidivist philosophy for interpretation of sections 3731(e)(1)(ii) through (iv) has been eliminated.

Trial Court Opinion at 3–4, *citing Commonwealth v. Alexander*, 811 A.2d 1064 (Pa.Super.2002)

¶ 7 The grading for appellant's current offense is found at 75 Pa.C.S.A. § 3803, **Grading**, (b)(4), which provides, "an individual who violates section ... 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree." The mandatory minimum sentence for a violation of section 3802(c) is set forth in 75 Pa.C.S.A. § 3804, which states in relevant part:

> **(c) Incapacity; highest blood alcohol; controlled substances.**—An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
>
> ...
>
> (3) For a third or subsequent offense, to:
>
> (i) undergo imprisonment of not less than one year;

> (ii) pay a fine of not less than $2,500; and
>
> (iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804, **Penalties,** (c).

¶ 8 Section 3806(a) is the benchmark for determining when a prior violation is to be considered a "prior offense" under the Vehicle Code. Pursuant to section 3806(a), the point when a prior conviction becomes a "prior offense" for sentencing purposes is when there was a disposition prior to sentencing on the current violation. Here, the court accepted appellant's guilty pleas for his two prior DUIs simultaneously on March 19, 1999, but sentenced appellant to consecutive sentences on each count pursuant to section 3806. *See* Brief for Defendant—History of Case, 11/3/05, Exhibits A, B, C, E; Record, No. 30. Such consolidation is not unusual and indeed is in the interest of judicial economy. For this purpose, it logically follows that while the appellant was sentenced for both DUIs on the same day at the same hearing, the two DUI offenses nevertheless were legally separate and distinct. Appellant's present DUI conviction, therefore, clearly qualifies as a third offense within the 10–year lookback period of section 3806(b), and the court properly determined it was a misdemeanor of the first degree with a mandatory minimum sentence of one year. *See* 75 Pa.C.S.A. § 3803(b)(4); 75 Pa.C.S.A. § 3804(c). Contrary to appellant's claim, *Shiffler* and section 9714 are not applicable. Accordingly, we reject appellant's claim of trial court error.

¶ 9 Judgment of sentence affirmed.