**Richard E. PERKOSKI, Petitioner**

v.

**PENNSYLVANIA STATE POLICE,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 22, 2011.

Decided Aug. 12, 2011.

Meghan E. Jones–Rolla, Pittsburgh, for petitioner.

John J. Herman, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Richard E. Perkoski (Perkoski) petitions this Court for review of the January 26, 2011 order of the Office of Attorney General Administrative Law Judge (ALJ) sustaining the denial by the Pennsylvania State Police (PSP) of his application to purchase a firearm. The sole issue before this Court is whether the PSP accurately deemed Perkoski's 2001 conviction for driving under the influence of alcohol (2001 DUI) a misdemeanor of the first degree, which precludes him from possessing a firearm. For the reasons that follow, we affirm the order of the ALJ.

It is undisputed that Perkoski was convicted of DUI offenses that occurred in 1988, 1990, 2001 and 2002. In 2009, Perkoski made application to purchase a firearm at Steel Valley Arms, which was denied when a Pennsylvania Instant Check System report indicated that he was not qualified to purchase a firearm due to a disqualifying conviction. On July 10, 2009, Perkoski submitted a Pennsylvania Instant Check System challenge to the PSP. By letter dated July 15, 2009, the PSP stated that his denial was based upon his disqualifying conviction for his 2001 DUI, pursuant to Section 922(g)(1) of the Federal Gun

Control Act of 1968 (the Act).[1] By letter dated October 6, 2009, Perkoski filed an appeal to the Office of Attorney General, Pennsylvania Instant Check System Challenge Unit, claiming that because his 2001 DUI was a second-degree misdemeanor, rather than a first-degree misdemeanor, the PSP improperly denied his purchase application. A hearing was held before the ALJ on August 31, 2010, at which documentary evidence was admitted and legal argument was made by counsel for Perkoski and the PSP. On January 26, 2011, the ALJ issued an order denying Perkoski's request for relief. Perkoski filed an appeal from the ALJ's order with this Court.[2]

Section 922(g) of the Act provides in relevant part:

It shall be unlawful for any person ... (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to receive any firearm ... which has been shipped or transported in interstate or foreign commerce.

Pursuant to Section 921(a)(20) of the Act, 18 U.S.C. § 921(a)(20), "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include ... any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." In Pennsylvania, a crime classified as a first-degree misdemeanor carries a maximum penalty of five years of incarceration, while a second-degree misdemeanor carries a maximum two-year jail term. 18 Pa.C.S. § 106(b)(6), (7). Accordingly, although a first-degree misdemeanor would preclude gun ownership under the Federal Gun Control Act, a second-degree misdemeanor would not.

Perkoski argues on appeal that the ALJ erred by sustaining the PSP's denial of his firearm application where it is clear that the conviction for his 2001 DUI was a misdemeanor of the second degree. Perkoski's position is that his 2001 DUI was deemed a first offense because his prior offenses did not occur within the previous seven years, that the sentence imposed reflects that it was considered his first offense and, therefore, the records incorrectly designate his 2001 DUI as a first-degree misdemeanor, so the PSP should consider it a second-degree misdemeanor for purposes of approving his firearms application. We disagree.

In Pennsylvania, all DUI offenses are classified as misdemeanors. Section 3731(e)(1) of the Vehicle Code (Section 3731(e)(1)), which was in effect at the time of Perkoski's sentencing for his 2001 DUI, provided:

Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree, and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) Not less than 48 consecutive hours.

. . . .

(iii) Not less than 90 days if the person has twice previously been convicted of

---

1.  18 U.S.C. § 922(g)(1).

2.  This Court's review of an order sustaining a decision of the PSP denying an application for a license to purchase a firearm is limited to determining whether the necessary findings are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Freeman v. Pa. State Police,* 2 A.3d 1259 (Pa. Cmwlth.2010).

... an offense under this section ... within the previous seven years.

(iv) Not less than one year if the person has three times previously been convicted of ... an offense under this section ... within the previous seven years.

75 Pa.C.S. § 3731(e)(1) (repealed).[3] It is clear on the face of this statute that first and second DUI offenses were graded as second-degree misdemeanors; third and subsequent offenses were graded as first-degree misdemeanors. Subsections (i)-(iv) therein mandated how the sentencing court was to determine sentencing. Thus, if one committed a first-degree misdemeanor, but had not been convicted of his prior DUIs within seven years, he was entitled to a lesser sentence. Such was the case here.

The record is clear that Perkoski's 2001 DUI conviction was his third. In accordance with Section 3731(e)(1), his 2001 DUI was classified as a first-degree misdemeanor. He was sentenced to a term of imprisonment of not less than 48 hours and was ordered to pay a $300.00 fine, rather than the enhanced mandatory sentencing imposed in Section 3731(e)(1)(ii), because his two prior convictions did not occur within the previous seven years. Although Section 3806(b) of the Vehicle Code, 75 Pa.C.S. § 3806(b), currently sets

forth a ten-year "look back" period that clearly applies both when grading a DUI offense and determining which penalties are applicable, that was not the case under Section 3731(e)(1).[4] The Pennsylvania Superior Court made that clear in *Commonwealth v. Alexander*, 811 A.2d 1064 (Pa.Super.2002). In *Alexander*, the court held that the first paragraph of Section 3731(e)(1) applied to grading, while the subsections that followed, referencing the seven-year "look back," applied to sentencing. The Superior Court held:

> Unlike subsections (ii), (iii) and (iv) there is nothing in § 3731(e)(1) addressing whether or not a person was 'previously ... convicted of [a DUI] offense ... within the previous seven years.' ... For purposes of grading, the sentencing court is only being asked to count the number of DUI offenses resulting in convictions [as of] the time of sentencing.

*Id.*, 811 A.2d at 1067.[5]

Based upon the foregoing, Perkoski's 2001 DUI was properly graded a first-degree misdemeanor, and he was properly sentenced therefor. Because he had a first-degree misdemeanor on his record, his firearms application was properly denied by the PSP, and the ALJ properly

---

3. Effective February 1, 2004, grading of DUI offenses was modified and is set forth in Sections 3802 (DUI), 3803 (grading), 3804 (penalties) and 3806 (prior offenses) of the Vehicle Code, 75 Pa.C.S. §§ 3802, 3803, 3804, 3806.

4. Section 3806(b) of the Vehicle Code states: The calculation of prior offenses for purposes of sections ... 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802;
(2) an offense under former section 3731;
(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

5. Perkoski incorrectly argues that *Alexander* was overruled by the Pennsylvania Supreme Court's opinion in *Commonwealth v. Jarowecki*, 604 Pa. 242, 985 A.2d 955 (2009). The point for which we cite *Alexander* was not affected by the Supreme Court's ruling in *Jarowecki*.

sustained that denial. The ALJ's order is, therefore, affirmed.

*ORDER*

AND NOW, this 12th day of August, 2011, the January 26, 2011 order of the Office of Attorney General Administrative Law Judge is affirmed.