J-S73009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARYLE MAURICE WALKER, | |
| Appellant | No. 343 MDA 2014 |

Appeal from the Judgment of Sentence September 27, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000250-2013

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:               **FILED DECEMBER 08, 2014**

Daryle Maurice Walker appeals from the judgment of sentence of three to six years incarceration imposed by the trial court after a jury found him guilty of possession with intent to deliver ("PWID") 3.3 grams of cocaine. After careful review, we are constrained to vacate the judgment of sentence and remand for resentencing.

Troopers Shawn Wolfe and Christopher Keppel, utilizing a confidential informant ("CI"), set up a controlled drug buy for an eight ball of cocaine on September 11, 2012.  The CI was searched and provided with pre-recorded money to make the purchase.  Trooper Keppel observed the CI enter a dark BMW.  The only other individual in the car was the driver, who at that time Trooper Keppel could only describe as an African-American male.  The CI returned to Trooper Keppel's vehicle and provided him with the cocaine the

CI purchased. The amount of cocaine was 3.3 grams, and Appellant stipulated at trial to the weight of the drugs involved.

Trooper Keppel watched the vehicle before it left his view for a brief period. He then passed the vehicle and recognized the driver as Appellant. Trooper Keppel had known Appellant since 2005 or 2006. Similarly, Trooper Wolfe knew Appellant since 2007. In addition, Trooper Wolfe set up surveillance for the drug buy from a different vantage point. He witnessed the CI walking towards his location. Trooper Wolfe then saw Appellant drive by in a dark BMW and pull over. According to Trooper Wolfe, he observed the CI enter the car with Appellant, who was fifteen to twenty yards away. Trooper Wolfe maintained that the CI did not interact with any other individuals before returning to Trooper Keppel's location. Following the CI's exit of Appellant's vehicle, Trooper Wolfe followed Appellant and obtained his license plate number. The vehicle was registered to Appellant's mother.

Since trial in this matter took place after *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Commonwealth, without objection, requested that the jury be asked to determine the amount of drugs involved. As noted, Appellant did not dispute the amount of drugs recovered and, in fact, stipulated that the weight of the drugs was 3.3 grams. At the time, Appellant was aware of the *Alleyne* decision. The jury found Appellant guilty and, consistent with the stipulation, indicated that the amount of

cocaine recovered weighed between two and ten grams. The trial court sentenced Appellant to a mandatory minimum.

Appellant filed a timely post-sentence motion on October 2, 2013, contending that his mandatory sentence was illegal because the statute removed the court's sentencing discretion. No specific *Alleyne* challenge was forwarded. In addition, Appellant raised a weight of the evidence claim. The court did not enter an order denying the motion and Appellant filed a notice of appeal on February 20, 2014. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court issued a short order directing this Court to the transcript of Appellant's trial and sentencing.

In the meantime, this Court ordered Appellant to show cause why his appeal should not be dismissed as premature. Appellant filed an answer indicating that he filed a *praecipe* with the trial court to enter an order denying his post-sentence motion by operation of law. On May 21, 2014, the court entered that order. Thus, this appeal is properly before this Court. Pa.R.A.P. 905(a)(5). Appellant now raises the following issues on appeal.

I. The mandatory sentence of three to six years as imposed by th[e] Honor[a]ble [Court] was unconstitutional in that such a mandatory sentence by th[e] Honorable Court [removed] any discretion in imposing sentence and vests with the Commonwealth all sentencing authority.

II. The jury's verdict was against the greater weight of the evidence so as to shock one's conscience on the following grounds: the evidence presented at trial clearly established that the Commonwealth witnesses could not have made a

reliable identification of the Defendant in that there [sic] view was obstructed; the evidence presented at trial clearly established that the Commonwealth witnesses could not have made a reliable identification of the Defendant in that they did not observe the individual for sufficient amount of time; other than the unreliable identification of the Defendant, there is no other competent evidence that the Defendant committed the offense.

III.  The evidence at trial was insufficient to support the jury verdict and therefore th[e] Honorable Court erred in not arresting judgment and vacating the judgment of sentence on the following grounds:  the evidence presented at trial clearly established that the Commonwealth witnesses could not have made a reliable identification of the Defendant in that there [sic] view was obstructed; the evidence presented at trial clearly established that the Commonwealth witnesses could not have made a reliable identification of the Defendant in that they did not observe the individual for sufficient amount of time; other than the unreliable identification of the Defendant, there is no other competent evidence that the Defendant committed the offense.

Appellant's brief at 5.

Since a sufficiency claim would entitle Appellant to complete discharge, we address that issue at the outset. **Commonwealth v. Stokes**, 38 A.3d 846 (Pa.Super. 2012).  In conducting a sufficiency of the evidence review, we view all of the evidence admitted, even improperly admitted evidence. **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth.  **Id**.  When evidence exists to allow the fact-

finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id.* In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id.*

Appellant asserts that the troopers' identification testimony "must be viewed with caution in that both [t]roopers only had a brief period of time to view the individual and their views [were] obstructed by tinted windows, which rendered them in a position not to have a good opportunity to view the individual." Appellant's brief at 16.[1] Here, the troopers identified Appellant as the person in the BMW and described how they observed him.

_____

[1] We note with disapproval that Appellant has argued that the Commonwealth must prove that he possessed a firearm and that the evidence was insufficient to support an indecent assault and corruption of minors charge, none of which is relevant to this appeal. Further, we voice our displeasure that the Commonwealth has failed to file a timely brief in this matter. This is especially disconcerting where the defendant was sentenced to a mandatory minimum sentence, and the state of the law in that area is in flux.

The jury was free to accept this testimony and believe that the troopers did not mistakenly identify him. Appellant's sufficiency claim is without merit.

Appellant's second challenge is to the weight of the evidence. Since a successful weight claim would warrant a retrial and render any sentencing challenge moot, we address that issue before reaching Appellant's sentencing argument. A weight claim must be preserved in a timely post-sentence motion. *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa.Super. 2012). "Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.*" *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (italics in original). Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*.

A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id*. Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. *Id*. A weight of the evidence issue concedes that sufficient evidence

- 6 -

was introduced. ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa.Super. 2006).

Appellant's weight claim is devoid of any merit. The only testimony in this case was provided by the Commonwealth witnesses: Troopers Wolfe and Keppel. Their testimony was consistent with one another and they did not contradict themselves. There were simply no facts to weigh against the testimony of the troopers. Rather, Appellant's position hinges on this Court rejecting the jury's credibility determination that the troopers testified accurately. Since there is not a conflict in the evidence, Appellant's issue fails.

Appellant also now contends that his sentence is unconstitutional under ***Alleyne***.[2] He contends for the first time, despite ***Alleyne*** having been decided at the time of Appellant's trial, that ***Alleyne*** requires the facts necessary to invoke a mandatory sentence be included in the criminal information. Since the weight of the drugs, though stipulated to and decided by the jury on its verdict slip without objection, was not set forth in the information, Appellant maintains that his sentence is illegal.

Admittedly, this Court has opined that various ***Alleyne***-type challenges to mandatory minimum sentences present illegal sentencing

---

[2] Appellant's argument below was not that his sentence violated ***Alleyne*** to the extent that his jury trial rights were violated, but that removing a court's discretion to sentence is unconstitutional.

questions. ***Commonwealth v. Fennell***, 2014 PA Super 261;

***Commonwealth v. Newman***, 99 A.3d (Pa.Super. 2014) (*en banc*);

***Commonwealth v. Valentine***, 2014 PA Super 220; ***Commonwealth v.***

***Lawrence***, 99 A.3d 116 (Pa.Super. 2014); ***Commonwealth v. Matteson***,

96 A.3d 1064 (Pa.Super. 2014); ***Commonwealth v. Thompson***, 93 A.3d

478 (Pa.Super. 2014); ***Watley***, ***supra***; ***Commonwealth v. Munday***, 78

A.3d 661 (Pa.Super. 2013).[3]

---

[3] The Pennsylvania Supreme Court has granted allowance of appeal to determine whether an ***Alleyne*** issue presents a non-waivable illegal sentencing question. ***Commonwealth v. Johnson***, 93 A.3d 806 (Pa. 2014). In addition to ***Alleyne***-related issues, in a host of other cases, we have construed various mandatory minimum sentencing claims as legality of sentence questions. ***See Commonwealth v. Akbar***, 91 A.3d 227 (Pa.Super. 2014); ***Commonwealth v. Armstrong***, 74 A.3d 228 (Pa.Super. 2013); ***Commonwealth v. Baker***, 72 A.3d 652 (Pa.Super. 2013); ***Commonwealth v. Hopkins***, 67 A.3d 817 (Pa.Super. 2013); ***Commonwealth v. Hawkins***, 45 A.3d 1123 (Pa.Super. 2012); ***Commonwealth v. Stein***, 39 A.3d 365 (Pa.Super. 2012), *disapproved on other grounds by*, ***Commonwealth v. Hanson***, 82 A.3d 1023 (Pa. 2013); ***Commonwealth v. Stokes***, 38 A.3d 846 (Pa.Super. 2012); ***Commonwealth v. Poland***, 26 A.3d 518 (Pa.Super. 2011); ***Commonwealth v. Kittrell***, 19 A.3d 532 (Pa.Super. 2011); ***Commonwealth v. Carpio-Santiago***, 14 A.3d 903 (Pa.Super. 2011); ***Commonwealth v. Madeira***, 982 A.2d 81 (Pa.Super. 2009); ***Commonwealth v. McKibben***, 977 A.2d 1188 (Pa.Super. 2009); ***Commonwealth v. Foster***, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC); ***Commonwealth v. Rush***, 959 A.2d 945 (Pa.Super. 2008); ***Commonwealth v. Love***, 957 A.2d 765 (Pa.Super. 2008); ***Commonwealth v. Diamond***, 945 A.2d 252 (Pa.Super. 2008); ***Commonwealth v. Stafford***, 932 A.2d 214 (Pa.Super. 2007); ***Commonwealth v. Harley***, 924 A.2d 1273 (Pa.Super. 2007); ***Commonwealth v. Johnson***, 920 A.2d 873 (Pa.Super. 2007); ***Commonwealth v. Littlehales***, 915 A.2d 662 (Pa.Super. 2007); ***Commonwealth v. Bongiorno***, 905 A.2d 998 (Pa.Super. 2006);
*(Footnote Continued Next Page)*

In **Watley**, we *sua sponte* raised and rejected an **Alleyne** issue. We held that non-compliance with **Alleyne**, which had not yet been decided at the time of Watley's trial or sentencing, was harmless and that the defendant's sentence was not illegal. There, the defendant was convicted by the jury of both possessing a firearm illegally and possession with intent to deliver drugs. The firearm and drugs were found together in the front passenger area of the car. The applicable mandatory sentencing statute related to firearms being in close proximity to drugs. Relying on United States Supreme Court precedent discussing harmless error for **Apprendi** violations, **see United States v. Cotton**, 535 U.S. 625 (2002), we held that, because the facts necessary to determine the mandatory sentence

*(Footnote Continued)* _____

**Commonwealth v. Bell**, 901 A.2d 1033 (Pa.Super. 2006); **Commonwealth v. Edrington**, 780 A.2d 721 (Pa.Super. 2001); **Commonwealth v. Wynn**, 760 A.2d 40 (Pa.Super. 2000), *reversed on other ground*, 786 A.2d 202 (Pa. 2001); **see also Commonwealth v. Vasquez**, 744 A.2d 1280 (Pa. 2000) (Commonwealth's issue on appeal, regarding failure to impose a mandatory fine under 18 Pa.C.S. § 7508, was non-waivable illegal sentencing claim); **Commonwealth v. Eisenberg**, 98 A.3d 1268 (Pa. 2014) (constitutional challenge to mandatory minimum fine was illegal sentencing question); **Commonwealth v. Jacobs**, 900 A.2d 368 (Pa.Super. 2006) (*en banc*) (noting in *dicta* that certain mandatory minimum sentencing claims present legality of sentence issues).

In **Commonwealth v. Williams**, 787 A.2d 1085 (Pa.Super. 2001), a panel of this Court did hold that a constitutional challenge to 42 Pa.C.S. § 9712, based on it violating the defendant's jury trial rights, was a discretionary sentencing claim. That decision is no longer valid in light of decisions such as **Newman**. Of course, in **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa.Super. 2014), this Court held that constitutional challenges based on equal protection and *ex post facto* claims, relative to a mandatory minimum statute, did not present non-waivable illegal sentencing questions.

were undisputed, overwhelming, and decided by the jury, no *Alleyne* error occurred.

Subsequently, in *Munday* and *Thompson*, this Court concluded that an *Alleyne* claim was non-waivable and meritorious where the jury did not decide the facts necessary to impose the mandatory sentence. In *Munday*, *Thompson*, and *Watley*, *Alleyne* had been decided after the defendants were sentenced.

In *Newman*, this Court found that because mandatory minimum sentencing challenges ordinarily present illegal sentencing questions, and that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) issues have been held to implicate the legality of a sentence, the *Alleyne* issue in that case was a non-waivable illegal sentencing claim. *Newman* involved a case where the defendant's trial, sentencing and original appeal were decided prior to *Alleyne*. However, shortly after the original panel decision in *Newman*, the United States Supreme Court handed down *Alleyne*, and the defendant successfully sought re-argument.

The *Newman* Court not only treated the *Alleyne* argument as an illegal sentencing claim, but also reached an issue of severability that had not been leveled below. Like *Munday*, and unlike *Watley*, the jury's verdict in *Newman* did not reveal that it found the facts needed to prompt the mandatory. As in *Watley*, the triggering facts for the mandatory sentence related to whether a firearm was in close proximity to drugs.

Although recognizing that an **Alleyne** issue could be considered under a harmless error analysis, the **Newman** Court found that the failure of the jury to expressly determine whether the gun in that case was in close proximity to drugs precluded a harmless error finding. Thus, **Newman** was distinguishable from this Court's other recent *en banc* decision in **Watley**. The **Newman** majority further declined to remand for the empaneling of a second sentencing jury, finding that such a procedure would violate the separation of powers doctrine. In doing so, it ruled that the firearms mandatory statute, 42 Pa.C.S. § 9712.1, was unconstitutional in its entirety and not merely the section governing a court's burden of proof. In short, it held that the mandatory statute was not severable.

In **Valentine**, **supra**, this Court expanded **Newman** to prevent the Commonwealth from submitting to the jury facts not included as an element of the offense but set forth in the mandatory sentencing statutes. There, in a post-**Alleyne** case, the Commonwealth amended its criminal information to include whether the defendant visibly possessed a gun and the offense occurred in or near a place of public transportation. Without objection, the jury was presented with specific jury interrogatories as to those facts. The jury found each fact beyond a reasonable doubt.

While the defendant did not preserve at the trial level any **Alleyne** challenge, despite **Alleyne** having been decided at the time of trial and sentencing, (unlike **Watley**), the **Valentine** Court declared that the

defendant's sentencing claim was not waivable based on **Watley**. It then declined to follow **Watley's** harmless error analysis in light of **Newman** and ruled that **Newman** rendered both mandatory sentencing statutes in question therein, 42 Pa.C.S. § 9712 and 42 Pa.C.S. § 9713, unconstitutional in their entirety. Without addressing that the defendant's jury trial rights were not infringed under **Alleyne** and that the court could have otherwise lawfully imposed the sentence in question, it remanded for resentencing.[4]

Subsequently, in **Commonwealth v. Bizzel**, 2014 PA Super ___, a panel of this Court decided that 18 Pa.C.S. 6317 was unconstitutional in its entirety based on **Newman**. That statute provided a mandatory minimum based on delivery or possession with intent to deliver drugs within a school zone. In **Bizzel**, the fact triggering the mandatory was neither stipulated to nor determined by the jury. There, however, the defendant had preserved his **Alleyne**-styled arguments at the trial level, noting that at the time of

---

[4] This author has disagreed with the rationale of both **Newman** and **Valentine**. **See Commonwealth v. Bizzel**, 2014 PA Super ___ (Bowes, J., concurring); **Commonwealth v. Wolfe**, 2014 PA Super ___ (Bowes, J., concurring). Speaking for myself, I continue to adhere to the views expressed in those secondary opinions. I strongly disagree that the mandatory sentencing statutes are not severable and believe this case proves yet another example of why the statute is severable. Absent **Newman** and **Valentine**, it is evident that there is no sentencing error since Appellant's jury trial rights were not violated and the jury determined beyond a reasonable doubt all the facts necessary for his sentence. **See also Commonwealth v. Matteson**, 96 A.3d 1064 (Pa.Super. 2014) (opinion by Musmanno, J.).

sentencing therein, the **Alleyne** case was pending before the Supreme Court.

In **Fennell**, **supra**, we concluded that a sentence under the same statute at issue herein was illegal where, as here, the defendant stipulated to the weight of the drugs involved. Further, in **Commonwealth v. Wolfe**, 2014 PA Super ___, this Court ruled that a sentence was illegal where the court sentenced the defendant to a mandatory minimum under 42 Pa.C.S. § 9718. **But see Matteson**, **supra**. There, the fact that implicated the mandatory statute was already an element of the offense; namely, the age of the victim. However, in light of **Newman** and **Valentine**, we ruled that resentencing was required. We did so despite the defendant not raising any **Alleyne** challenge below or on appeal.

Appellant does not argue that § 7508 is non-severable or that allowing the jury to decide the weight of the drugs violated the separation of powers doctrine. Instead, Appellant maintains that his sentence is unconstitutional because the criminal information did not include the weight of the drugs. As mentioned, Appellant not only failed to object, but stipulated to the weight of the drugs and agreed to allow the court to instruct the jury on the drug weight. Assuming *arguendo* that this aspect of his argument is waived, as discussed, **Newman**, **Valentine**, **Bizzel**, **Fennell**, and **Wolfe** render mandatory sentencing statutes, not pertaining to prior convictions, unconstitutional as a whole. Hence, a question arises as to whether

Appellant's sentence is "illegal" under those precedents.[5]   Absent the

mandatory sentencing statute, Appellant could still have been sentenced to

the period of incarceration provided in this case.  This case does not present

a situation where the court lacked statutory or constitutional authority for its

_____

[5]   This Court has recognized the difficulties of both this Court and our Supreme Court in agreeing upon a settled definition of an illegal sentencing claim.   *Commonwealth v. Tobin*, 89 A.3d 663 (Pa.Super. 2014); *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa.Super. 2013) (*en banc*). Speaking for myself, I share the sentiments of the learned Justice Thomas Saylor that there is some flexibility in whether a sentence is illegal and believe careful consideration on an issue by issue basis is warranted to determine whether a sentencing issue raises an unlawful sentence *per se*. *See Commonwealth v. Foster*, 17 A.3d 332, 355-356 (Pa. 2011) (OAJC) (Saylor, J., concurring).  If I were writing on a clean slate, I would be hesitant to hold that every issue that implicates a mandatory minimum sentencing statute is automatically an illegal sentencing claim.

Indeed, my own view is that there is an important distinction between pre-*Alleyne* mandatory challenges, where judges were sentencing based on essential facts connected to the crime that were not determined by a jury, and post-*Alleyne* sentencing cases.  In the latter situation, I believe any issue should be preserved because courts and the Commonwealth were attempting to comply with that decision, thereby eliminating the constitutional jury trial problem.  Hence, the grounds for why a sentence would be a constitutionally infirm are simply not the same in the pre-*Alleyne* cases.  Phrased differently, in the pre-*Alleyne* cases, there is an alleged and in some cases actual constitutional violation, based on an intervening change in the law, in combination with a lack of discretionary authority on the part of the sentencing judge.  In post-*Alleyne* cases, the constitutional jury trial violation is generally no longer a concern.  The absence of discretion in sentencing, in my view, does not automatically equate to an illegal sentencing issue.  Even in *Commonwealth v. Foster*, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC), in addition to the lack of judicial discretion, there was a violation of the statutory language interpreted by intervening Pennsylvania Supreme Court case law.  In this case, the defendant was afforded greater protections than the statute afforded and no constitutional right was violated.

sentence. We recognize that in ***Commonwealth v. Foster***, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC), a decision I authored, this Court did not find dispositive, on the issue of whether the claim was a legality of sentence question, the fact that the defendant could be sentenced to the same period of incarceration absent the mandatory sentencing statute. Unlike ***Foster***, where the sentence unequivocally violated the Pennsylvania Supreme Court's pronouncement in ***Commonwealth v. Dickson***, 918 A.2d 95 (Pa. 2007), this sentence does not violate ***Alleyne***, the intervening change in the law in question, or the plain language of the statute. ***Cf. Commonwealth v. Taylor***, ___ A.3d ___ (Pa. 2014) (filed November 20, 2014) (failure to order mandatory drug and alcohol assessment prior to sentencing, in violation of statutory language, presented legality of sentence issue).

This case also is distinguishable from ***Newman*** and ***Bizzel***. Unlike both those cases, there is no factual dispute as to the weight of the cocaine involved. Appellant here, post-***Alleyne***, stipulated to the weight of the drugs. Thus, as in ***Watley***, the evidence was undisputed and decided by the jury beyond a reasonable doubt. Nevertheless, the procedure adopted by the Commonwealth, though consistent with the general practice in this Commonwealth regarding ***Apprendi*** issues, ***see Commonwealth v. Mobley***, 14 A.3d 887 (Pa.Super. 2011), was considered unconstitutional by this Court in ***Valentine***.

The distinction between this case and **Valentine** is that herein the mandatory triggering fact was stipulated to, *i.e.*, the defendant admitted the fact. Therefore, similar to **Watley**, and contrary to **Newman**, there is no jury trial right violation and the sentence did not violate **Alleyne**. Of course, in light of **Valentine**, the jury being instructed to determine the weight of the drugs was a separation of powers violation.[6] However, Appellant admitted to the weight of the drugs by stipulating to its amount. He did so with full knowledge of the **Alleyne** decision. Therefore, any separation of powers problem is harmless. Nonetheless, the sentencing statute is no longer constitutionally valid. **See Bizzel, supra**; *cf. Newman*, *supra*; **Wolfe**, *supra*. More importantly, in **Fennell**, *supra*, we ruled a mandatory sentence under the identical statute at issue illegal despite the defendant stipulating to the weight of the drugs. Accordingly, we are forced to conclude that reading **Newman**, **Valentine**, **Fennell**, and **Wolfe**, together mandates that Appellant be resentenced.

We find no meaningful distinction between the situation where the jury finds an element beyond a reasonable doubt or is instructed to find facts included in the mandatory statute that aggravate the crime and does so, and where the defendant admits to the fact by stipulation. In each of these situations, there is no jury trial right violation under **Alleyne**, but our prior

_____

[6] We note that this Court has never held that a similar procedure used to comply with **Apprendi** issues violated the separation of powers doctrine.

- 16 -

decisions have still required resentencing where the defendant was sentenced to a mandatory under a wholly unconstitutional statute. Thus, we are constrained to vacate Appellant's sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Musmanno joins the Memorandum.

Judge Wecht Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2014