Phillip L. McCLINTON, Petitioner

v.

PENNSYLVANIA STATE POLICE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 2011.
Decided May 18, 2011.
Publication Ordered July 27, 2011.

J. Michael McCormick, Verona, for petitioner.

John J. Herman, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Phillip McClinton (Applicant) petitions this Court for review of the July 12, 2010 order of the Administrative Law Judge (ALJ) affirming the ruling of the Pennsylvania State Police (PSP) denying his right

to purchase a firearm. Applicant essentially presents two issues for this Court's review: (1) whether the record offered by the PSP was accurate and complete, and (2) whether Applicant's conviction was a prohibited offense preventing him from possessing firearms or ammunition. For reasons that follow, we affirm the ALJ's order.

On October 30, 2008, Applicant attempted to buy a firearm at a Wal-Mart in Meadville, Pennsylvania. Applicant was denied the right to purchase the firearm based on the completion of a background check. Applicant timely filed a challenge to the denial with the PSP. On January 21, 2009, the PSP denied his challenge based on his 1981 misdemeanor theft conviction. Applicant appealed to the Office of the Attorney General. A hearing was held by an ALJ, and the ALJ affirmed the decision of the PSP. Applicant appealed to this Court.[1]

■ Applicant argues that the PSP failed to meet its burden to prove that the record was accurate and complete as required by Section 6111.1(e) of the Uniform Firearms Act, 18 Pa.C.S. § 6111.1(e). Specifically, Applicant contends the PSP failed to offer into evidence: a copy of the docket entries in the criminal prosecution, the transcript of the guilty plea hearing, and the transcript of the sentencing hearing. Thus, Applicant argues the record was incomplete. We disagree.

■ Initially, Section 6111.1(e) of the Uniform Firearms Act provides that any person who is denied the right to purchase a firearm may challenge the denial within 30 days. The PSP "shall conduct a review of the accuracy of the information forming the basis for the denial and shall have the burden of proving the accuracy of the record." 18 Pa.C.S. § 6111.1(e)(2). The Uniform Firearms Act contains no requirement that the PSP present a copy of the docket entries in the criminal prosecution, the transcript of the guilty plea hearing, or the transcript of the sentencing hearing. Here, the PSP presented Applicant's sentencing order (Reproduced Record (R.R.) at 84a), criminal complaint (R.R. at 85a), criminal information (R.R. at 86a), and plea agreement (R.R. at 104a); also Tom Williams' and Dewayne Vergith's[2] sentencing orders (R.R. at 57a, 61a), criminal informations (R.R. at 58a, 63a), and plea agreements (R.R. at 59a, 63a). All submitted documents were accepted into evidence without objection. The piece of evidence most telling and heavily relied on by the ALJ is Applicant's guilty plea which clearly marks the grading of the offense as an M-1, and is clearly signed by Applicant. As Applicant did not contest his signature on this document, the PSP has clearly met its burden of proving the accuracy of the record.

■ Applicant next argues that his conviction was not a prohibited offense preventing him from possessing firearms or ammunition. We disagree.

Section 922(g) of the Federal Gun Control Act of 1968, 18 U.S.C. § 922(g), states in relevant part: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to

---

1. "Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed or whether constitutional rights were violated." *Pennsylvania State Police v. Viall*, 774 A.2d 1288, 1290 n. 4 (Pa. Cmwlth.2001).

2. Williams and Vergith were involved in the same criminal act as evidenced by the criminal complaint.

possess a firearm. As a misdemeanor of the first degree is punishable by up to five years in prison, Applicant's conviction for an M–1 theft by receiving stolen property is clearly a prohibited offense preventing him from possessing a firearm. Accordingly, the ALJ did not err in affirming the PSP's denial of Applicant's right to purchase a firearm.

For all of the above reasons, the ALJ's order is affirmed.

### ORDER

AND NOW, this 18th day of May, 2011, the July 12, 2010 order of the Administrative Law Judge is affirmed.