**John RAY, Petitioner**

**v.**

**OFFICE OF ATTORNEY GENERAL, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 2013.

Decided Feb. 8, 2013.

Richard J. Walters, Pittsburgh, for petitioner.

Carlton M. Smith, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge PELLEGRINI.

John Ray (Applicant) petitions for review of an order of an Administrative Law Judge (ALJ) of the Office of Attorney General (Attorney General) affirming the Pennsylvania State Police's (PSP)[1] denial of his application to purchase a firearm due to a prior conviction for identity theft. For the reasons that follow, we affirm the order of the ALJ.

In 2004, Applicant pled guilty to two counts of identity theft, each graded as a first degree misdemeanor.[2] While a first degree misdemeanor carries a maximum penalty of five years imprisonment,[3] Applicant was sentenced to a one-year term of probation, purportedly under the matrix that trial judges use to determine sentences under the Pennsylvania Sentencing Guidelines (Sentencing Guidelines), 204 Pa. Code §§ 303.1–303.19.[4]

In March 2011, Applicant applied to purchase a firearm and his application was denied because his conviction for identity theft made him ineligible under Section 922(g)(1) of the Federal Gun Control Act (Act), 18 U.S.C. § 922(g)(1), which provides that "[i]t shall be unlawful for any person ... who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. However, "[t]he term 'punishable by imprisonment for a term exceeding one year' does not include ... any state offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." Section 921(a)(20) of the Act, 18 U.S.C. § 921(a)(20).

Applicant appealed the PSP's denial to the Attorney General, arguing that he should not be prohibited from purchasing a firearm under the Act because he was only sentenced to probation as a result of his 2004 conviction, and that the potential sentence for an offense should be measured by the Sentencing Guidelines rather than by the statutory classification of the offense. After a hearing at which the parties provided testimony and documentary evidence, the ALJ issued an order upholding the PSP's denial of Applicant's application. This appeal followed.[5]

■ On appeal, Applicant again contends that the Sentencing Guidelines should control to determine the amount of time for which a crime is "punishable" under Section 922(g)(1) of the Act. Because he could not have been sentenced to more than one year in prison for his identity

---

1. The PSP intervened in this matter pursuant to Pa. R.A.P. 1531.

2. 18 Pa.C.S. § 4120(c)(1)(i) provides that if the total value of any property or services obtained by means of the identifying information is less than $2,000, the offense is a misdemeanor of the first degree.

3. 18 Pa.C.S. § 106(b)(6).

4. The 1997 Sentencing Guidelines were the most recent guidelines at the time of Applicant's 2004 conviction. Because identity theft was not recognized as a crime in 1997,

Applicant asserts that the sentencing judge presumably relied upon the Sentencing Guidelines for theft by unlawful taking or disposition ($200 to $2,000), 18 Pa.C.S. § 3921, a misdemeanor of the first degree for which the upper limit on the sentencing matrix was 12 months of incarceration.

5. Our review is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Freeman v. Pennsylvania State Police*, 2 A.3d 1259, 1260 n. 2 (Pa.Cmwlth. 2010).

theft convictions under the guidelines, Applicant contends that he is not disqualified from possessing a firearm under Section 922(g)(1) of the Act.

What Applicant's argument ignores is that Section 922(g)(1) of the Act's use of the term "punishable by imprisonment" goes to the maximum allowable term of imprisonment, not the term to which the person was sentenced or actually served. That is why we have consistently held that a conviction for a first degree misdemeanor prohibits the possession of firearms pursuant to Section 922(g)(1) of the Act. *See McClinton v. Pennsylvania State Police,* 25 A.3d 392 (Pa.Cmwlth.2011); *Perkoski v. Pennsylvania State Police,* 28 A.3d 220 (Pa.Cmwlth.2011).

██ Moreover, Applicant's argument that the Sentencing Guidelines rather than the statutory classification of the pertinent offense should determine the amount of time for which a crime is "punishable" also ignores that the Sentencing Guidelines are just that—guidelines—not binding on the sentencing court. As our Supreme Court has explained:

> It is well established that the Sentencing Guidelines are purely advisory in nature.... [T]he Guidelines do not alter the legal rights or duties of the defendant, the prosecutor or the sentencing court. The guidelines are merely one factor among many that the court must consider in imposing a sentence.... Most important, the court has no "duty" to impose a sentence considered appropriate by the [Pennsylvania Commission on Sentencing].

*Commonwealth v. Yuhasz,* 592 Pa. 120, 132, 923 A.2d 1111, 1118 (2007) (citations omitted).

Because the Sentencing Guidelines are not determinative of the amount of time for which a crime is "punishable" for purposes of Section 922(g)(1) of the Act, and 18 Pa.C.S. § 106(b)(6) provides that five years' imprisonment is the maximum penalty for a first degree misdemeanor, the ALJ correctly determined that Applicant is disqualified from owning a firearm under Section 922(g)(1) of the Act.

Accordingly, the order of the ALJ is affirmed.

### *ORDER*

AND NOW, this 8th day of February, 2013, the order of the Administrative Law Judge of the Office of Attorney General, dated June 19, 2012, at No. FAD00934, is affirmed.