J-S72011-17

2018 PA Super 8

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellee | PENNSYLVANIA |
| v. | |
| ANTOINE MOTLEY, | |
| Appellant | No. 1940 EDA 2016 |

Appeal from the Judgment of Sentence Entered June 19, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003997-2007

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

OPINION BY BENDER, P.J.E.:                    **FILED JANUARY 19, 2018**

Appellant, Antoine Motley, appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 15 to 30 years' incarceration, followed by 10 years' probation, imposed after he was convicted of various offenses including robbery and carrying a firearm without a license.  Appellant solely challenges the legality of his sentence.  After careful review, we agree with Appellant that his sentence is illegal, albeit for a different reason than he posits herein.  Accordingly, we vacate his judgment of sentence and remand for resentencing.

Briefly, Appellant and a cohort were arrested after they committed an armed robbery of two employees of the United States Postal Service.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant was charged with various offenses and, following a jury trial in April of 2012, he was convicted of two counts of robbery (threatening immediate serious bodily injury), 18 Pa.C.S. § 3701(a)(1)(ii); carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1); and possessing an instrument of crime (PIC), 18 Pa.C.S. § 907(a). On June 19, 2012, the court sentenced Appellant to consecutive terms of 7½ to 15 years' incarceration for his two robbery convictions, and two consecutive terms of 5 years' probation for his PIC and firearm offenses. Therefore, Appellant's aggregate sentence is 15 to 30 years' incarceration, followed by 10 years' probation.

Appellant filed a timely direct appeal and this Court affirmed, deeming Appellant's two issues waived based on his failure to develop any meaningful argument in support thereof. *See Commonwealth v. Motley*, No. 1750 EDA 2012, unpublished memorandum at 2-3 (Pa. Super. filed Oct. 15, 2013). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Instead, on January 7, 2014, Appellant file a timely, *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and filed an amended petition on Appellant's behalf, seeking the restoration of his direct appeal rights. The PCRA court granted that petition, and Appellant filed the present, *nunc pro tunc* appeal from his judgment of sentence. Herein, he raises one issue for our review: "Whether Appel[l]ant's sentence should be vacated because it is based upon an illegal mandatory minimum [sentence?]" Appellant's Brief at 6.

Appellant contends that he received two mandatory minimum sentences for his robbery convictions, and that those sentences are illegal in light of **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Based on the following procedural history and legal authority, we disagree with both of Appellant's arguments.

First, after Appellant's conviction and prior to his sentencing hearing, the Commonwealth filed a notice of its intent to seek, for each of Appellant's two robbery convictions, the imposition of a 10-year, mandatory minimum sentence as required by 42 Pa.C.S. § 9714 (Sentences for second and subsequent offenses). However, as the trial court acknowledges, it did not orally impose those mandatory minimum terms of 10 years' incarceration at the sentencing proceeding on June 19, 2012. **See** Trial Court Opinion, 3/22/17, at 4. Instead, the court imposed a term of 7½ to 15 years' imprisonment for each of Appellant's robbery convictions. **See id.** The court's written sentencing order filed that same day also sets forth consecutive sentences of 7½ to 15 years' incarceration for those crimes.

Notwithstanding, Appellant now claims that he received mandatory minimum sentences for his robbery convictions. His argument rests on the fact that a court commitment form ("form DC-300B") accompanying the written sentencing order has the "yes" box checked under the heading "Mandatory Sentence." According to Appellant, form DC-300B constitutes

the written sentencing order, and evinces that mandatory minimum sentences were applied in his case. He then cursorily states that those sentences are illegal under **Alleyne**.

Appellant's argument is wholly unconvincing. First, form DC-300B does not constitute part of the trial court's sentencing order; rather, it is simply a document generated by the Common Pleas Criminal Court Case Management System that must be provided to the Department of Corrections (DOC) upon the commitment of an inmate. **See** 42 Pa.C.S. § 9764(a). The written sentencing order, signed by the trial judge, constitutes the sentence imposed by the court. **See Commonwealth v. Borrin**, 80 A.3d 1219, 1226 (Pa. 2013) ("In Pennsylvania, the text of the sentencing order … is determinative of the court's sentencing intentions and the sentence imposed.") (citations omitted). Here, that sentencing order unequivocally demonstrates that Appellant did *not* receive a mandatory minimum of 10 years' incarceration for either of his robbery convictions. **See** Sentencing Order, 6/19/12 (stating a sentence of "a Minimum Term of 7 years and 6 months and a Maximum Term of 15 years" for both of Appellant's robbery convictions).

Second, even if Appellant *had* received a mandatory minimum sentence under section 9714, he is incorrect that that provision is unconstitutional under **Alleyne**. Curiously, Appellant recognizes that mandatory minimum sentences predicated on prior convictions are an exception to the rule announced in **Alleyne**. **See** Appellant's Brief at 9

("Subsequent to [**Alleyne**,] the appellate courts in this Commonwealth have consistently held that, *with the exception of mandatory minimum sentences predicated on prior offenses*, all of Pennsylvania's mandatory minimum sentencing provisions that require the sentencing court to ascertain the application of the mandatory minimum provisions are unconstitutional.") (emphasis added); **see also Alleyne**, 133 S.Ct. at 2160 n.1. As this Court has recognized, the mandatory minimum sentences set forth in section 9714 are predicated on prior convictions and, thus, that provision is not unconstitutional under **Alleyne**. **See Commonwealth v. Bragg**, 133 A.3d 328, 333 (Pa. Super. 2016) (recognizing that 42 Pa.C.S. § 9714 "is not unconstitutional under **Alleyne** as it provides for mandatory sentences based on prior convictions"), *aff'd,* 169 A.3d 1024 (Pa. 2017) (*per curiam* order). Thus, Appellant's challenge to the legality of his sentence is meritless on this basis, as well.

The Commonwealth, however, presents a convincing argument that Appellant's robbery sentences are illegal for a different reason. Specifically, the Commonwealth maintains that "the court imposed an illegal sentence by *not* applying [s]ection 9714 to [Appellant's] robbery convictions." Commonwealth's Brief at 11 (emphasis in original).[1] The Commonwealth

---

[1] We recognize that the Commonwealth did not raise this sentencing claim before the trial court, nor exercise its statutory right to appeal from the trial court's failure to apply the mandatory sentences. **See** 42 Pa.C.S. § 9714(f) ("If a sentencing court shall refuse to apply this section where applicable,
*(Footnote Continued Next Page)*

stresses that it "took all the necessary actions to invoke the mandatory minimum sentences[,]" including filing a notice of its intent to seek those sentences and "furnish[ing Appellant] with documentation for his prior robbery convictions," which were "marked and moved … into the record at the sentencing hearing." *Id.* at 9 (citing N.T. 6/19/12, at 10-11).

The record supports the Commonwealth's argument that it adhered to the requirements for invoking application of section 9714. Accordingly, the trial court was statutorily required to determine, at Appellant's sentencing hearing, whether section 9714 is applicable to Appellant and, if so, to impose the mandatory terms of incarceration required by that provision. *See* 42 Pa.C.S. § 9714(d) (discussing the requirements of the court for determining the applicability of section 9714(a) at the sentencing proceeding); 42 Pa.C.S. § 9714(e) (stating that "[t]here shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (a.1)"). Because the trial court did not adhere to the dictates of section 9714, Appellant's sentences for his two

*(Footnote Continued)* ───────────

the Commonwealth shall have the right to appellate review of the action of the sentencing court."). However, our Supreme Court has held "that where a sentencing court is required to impose a mandatory minimum sentence, and that mandatory minimum sentence affects a trial court's traditional sentencing authority or the General Assembly's intent in fashioning punishment for criminal conduct, a defendant's challenge thereto sounds in legality of sentence and is therefore nonwaivable." *Commonwealth v. Foster*, 17 A.3d 332, 345 (Pa. 2011). We see no reason why this rule would not apply in the context of the Commonwealth's challenge to the court's failure to impose a mandatory sentence.

robbery convictions are illegal and must be vacated. *See Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. … An illegal sentence must be vacated.") (quoting *Commonwealth v. Alexander*, 811 A.2d 1064, 1065, 1066 (Pa. Super. 2002)).[2] As our disposition in this regard upsets the court's overall sentencing scheme, we vacate Appellant's judgment of sentence in its entirety, and remand for resentencing on all counts. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (stating that if our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[2] Unfortunately for Appellant, our disposition will result in the trial court's imposing lengthier sentences for his two robbery convictions, assuming that it finds section 9714(a) applicable to his case. However, the trial court clearly retains its discretion to craft a similar (or lesser) *aggregate* sentence than that which it originally imposed, by running Appellant's sentences concurrently rather than consecutively, and/or by imposing terms of incarceration for his other offenses. Regardless of whether outcome of Appellant's resentencing ultimately benefits him, we *must* vacate his illegal sentences, as we have jurisdiction to do so. *See Randal*, 837 A.2d at 1214 (citation omitted).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 1/19/2018*