J-S13020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERIC ROBERT SHRUM :
:
Appellant : No. 1032 WDA 2017
:

Appeal from the PCRA Order June 21, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002320-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED APRIL 18, 2018**

Appellant, Eric Robert Shrum, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On February 23, 2011, Appellant pled guilty to four counts each of rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault, statutory sexual assault, incest, indecent assault, and endangering the welfare of a child,[1, 2]. Guilty Plea, 2/23/11. Appellant filed a counseled

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(a)(7), 3125(a)(8), 3133.1, 4302, 3126(a)(8), and 4304(a)(1), respectively.

[2] The facts of the underlying convictions are not relevant to our disposition. Moreover, we note that the record certified to us on appeal does not contain any notes of testimony.

petition to withdraw his guilty plea ("Petition 1") on March 7, 2011. On March 30, 2011, Appellant filed a counseled petition requesting withdrawal of his petition to withdraw his plea ("Petition 2"). The trial court granted Petition 2 on March 31, 2011, stating that Appellant's "plea of guilt shall remain in [effect]." Order, 3/31/11.

By order dated June 8, 2011, and docketed July 14, 2011, the trial court sentenced Appellant to an aggregate term of imprisonment of fifty-three to 106 years. Order, 6/8/11, at 2–4. The trial court then ordered the 337 remaining charges to be *nol prossed*. Memorandum and Notice of Dismissal, 5/3/17, at 5. Appellant did not file a motion to modify or reconsider his sentence or a direct appeal.[3]

On March 29, 2016, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on August 29, 2016. On September 29, 2016, the PCRA court directed the Commonwealth to file an answer by November 1, 2016. Order, 9/29/16. When an answer was not forthcoming, the PCRA court filed a rule to show cause why the PCRA

---

[3] On August 9, 2011, Appellant attempted to file a *pro se* notice of appeal, which this Court returned to the Washington County Clerk of Courts due to defects. The Superior Court Prothonotary instructed the Washington County Clerk of Courts to return the appeal to this Court "[w]hen [A]ppellant amends his appeal to include" the required information. Letter, 9/16/11. The defects were never remedied, and thus, an appeal was never perfected. There are no further docket entries in the lower court until the filing of the instant PCRA petition.

petition should not be granted. Rule to Show Cause, 11/9/16. The Commonwealth filed a response and brief on November 16, 2016.[4]

On May 1, 2017, PCRA counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court agreed with counsel that the PCRA petition was untimely and no exceptions applied, issued a notice of intent to dismiss the petition without a hearing, and granted counsel's request to withdraw. Order, 5/1/17; order, 5/3/17. The PCRA court dismissed the PCRA petition on June 21, 2017.

Appellant, *pro se*, filed a notice of appeal on July 12, 2017. On July 18, 2017, the PCRA court directed Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 within twenty-one days. Order, 7/18/17. Appellant failed to file a Rule 1925(b) statement, and the PCRA court indicated it would not file a Rule 1925(a) opinion.[5]

On appeal, Appellant asserts that the PCRA court erred in denying his PCRA petition and "accepting [PCRA] counsel['s] 'No Merit' letter." Appellant's

---

[4] Despite the fact that he had counsel, Appellant, *pro se*, filed a reply to the Commonwealth's response on January 10, 2017. It is well settled that hybrid representation is not permitted, and *pro se* filings submitted by a represented party are legal nullities. **See Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010) (explaining that hybrid representation is not permitted).

[5] We note our displeasure that the Commonwealth failed to file an appellee's brief.

- 3 -

Brief at v. Appellant suggests he overcame the PCRA's jurisdictional time bar by satisfying 42 Pa.C.S. § 9545(b)(1)(iii), one of the three statutory exceptions. *Id*.; Amended PCRA Petition, 8/29/16, at 1. Appellant further asserts plea counsel's ineffectiveness for failing to raise a claim in a direct appeal that Appellant's sentence was beyond the Sentencing Guidelines. Appellant's Brief at 6.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must address the consequences of Appellant's failure to file the court-ordered Rule 1925(b) statement. Rule 1925(b)(4)(vii) directs that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), our Supreme Court established the bright-line rule that "in order to preserve their claims for

appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id*. at 309; *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (Pa.R.A.P. 1925 "obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered.").

In 2007, our Supreme Court amended Rule 1925 and added subsection (c)(3), which directs us to remand for the filing of a statement *nunc pro tunc* if we are convinced that counsel has been *per se* ineffective. Pursuant to this provision, this Court remands where a **counseled** appellant in a criminal case fails to file a Rule 1925(b) statement or an untimely statement that amounts to *per se* ineffectiveness. *See Commonwealth v. Scott*, 952 A.2d 1190 (Pa. Super. 2008) (holding that counsel's failure to file Rule 1925(b) statement constitutes *per se* ineffectiveness requiring a remand).

This rule providing for a remand pursuant to Pa.R.A.P. 1925(c)(3) is not applicable herein. Because he is *pro se*, Appellant cannot assert his own ineffectiveness. *See Commonwealth v. Fletcher*, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness") (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Indeed, our Supreme Court has stated that a *pro se* defendant "may not rely upon his own lack of expertise as a ground for relief." *Commonwealth v. Bryant*, 855 A.2d 726, 737 (Pa. 2004). Accordingly,

Appellant's failure to file a Rule 1925(b) statement waives all claims. Pa.R.A.P. 1925 (b)(4)(vii) (Issues not included in the Rule 1925(b) statement or not raised in accordance with the provisions of this paragraph (b)(4) are waived); *Cf*. *Commonwealth v. Oliver*, 128 A.3d 1275, 1279 (Pa. Super. 2015) (PCRA petitioner's failure to file Rule 1925(b) statement, where PCRA counsel was permitted to withdraw in PCRA court, permitted Superior Court to find that the petitioner waived all issues; however, due to irregularities in the substance and timing of the PCRA court's treatment of counsel's *Turner*/*Finley* letter and lack of notice to the petitioner, Superior Court declined to apply waiver "in the very limited and narrow circumstances of [the] case.").

Furthermore and significantly, even if Appellant had filed a timely Rule 1925(b) statement, the PCRA court did not have jurisdiction to review the merits of Appellant's issues because Appellant did not satisfy the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). As noted *supra*, the trial court imposed the judgment of sentence on June 8, 2011. Appellant did not perfect a direct appeal. Thus, his judgment of sentence became final thirty days later on July

8, 2011.[6]  Therefore, Appellant had until July 8, 2012, to file a timely PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(3) (stating that, for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").  Appellant filed his PCRA petition on March 29, 2016, over four years after his judgment of sentence became final.  Hence, the petition is facially untimely.

_____

[6]  As noted *supra*, although Appellant was sentenced on June 8, 2011, the sentencing order was docketed on July 14, 2011.  We reiterated in **Commonwealth v. Patterson**, 940 A.2d 493 (Pa. Super. 2007), that **the date of imposition of sentence is the date the trial court pronounces the sentence in open court**, not the date that the order imposing the judgment of sentence is docketed, if those dates are different.  ***Id***. at 498 (emphasis added) (citing **Commonwealth v. Green**, 862 A.2d at 618–619 (Pa. Super. 2004)).

Both the Commonwealth and the PCRA court erroneously relied on Appellant's ineffective *pro se* attempt to file a direct appeal and this Court's return of the document to the Washington County Clerk of Courts in determining the date Appellant's judgment of sentence became final, suggesting it became final "[a]t the latest" on October 20, 2011.  Commonwealth's Brief in Opposition to [Appellant's] Amended [PCRA] Petition, 11/16/16, at 4.  The trial court, relying on the Commonwealth's explanation, nevertheless noted that the "date of final conviction" arguably was an earlier date than October 20, 2011.  Memorandum and Notice of Dismissal, 5/3/17, at 6.

The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[7] ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

While inartfully stated, it appears that Appellant is claiming that his sentence is illegal due to "New United States Constitution Law," and therefore, the PCRA court should should not have permitted PCRA counsel to withdraw pursuant to ***Turner*** and ***Finley***. Appellant's Brief at viii. This claim by Appellant, apparently in reliance on 42 Pa.C.S. § 9545(b)(1)(iii), is based on his assertion that his sentence is illegal in light of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), which he contends should have been applied

---

[7] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

retroactively pursuant to *Montgomery v. Louisianna*, 136 S.Ct. 718 (2016). Appellant's Brief at 1–2.

Although a challenge based on *Alleyne* does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." *Commonwealth v. Miller*, 102 A.3d 988, 995–996 (Pa. Super. 2014). In *Alleyne*, the United States Supreme Court held that any facts that increase a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2155, 2163. However, the Pennsylvania Supreme Court held that *Alleyne* does not apply retroactively to collateral attacks on a petitioner's mandatory minimum sentence. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Furthermore, there is no indication in the record that Appellant was sentenced pursuant to a mandatory minimum term of incarceration,[8] and therefore, *Alleyne* is inapplicable. Moreover, while *Montgomery* states that *Miller v. Alabama*, 132 S.Ct. 2455 (2012), applies retroactively to cases on collateral

---

[8] In addition to the silence of the certified record concerning application of a mandatory minimum sentence, a court commitment form, form DC-300B, accompanying the written sentencing order, has the "No" box checked under the heading, "Mandatory Sentence." We acknowledge this form is not part of the sentencing order. *See Commonwealth v. Motley*, 177 A.3d 960, 962 (Pa. Super. 2018) (Form DC-300B is a document generated by the Common Pleas Criminal Court Case Management System that is provided to the Department of Corrections upon an inmate's commitment and "does not constitute part of the trial court's sentencing order.").

review, *Miller* is inapplicable because Appellant was not sentenced to a mandatory term of life without the possibility of parole. Finally, Appellant was not a juvenile at the time he committed his crimes. Complaint, 10/22/10, at 1.

In Appellant's second issue, he baldly claims plea counsel was ineffective for failing to raise, in a direct appeal, a claim that the imposition of sentence was beyond the Sentencing Guidelines. A claim of ineffective assistance of counsel, however, does not save an otherwise untimely petition for review on the merits. *Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008).

The PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court lacked jurisdiction to address the claims presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Thus, even if the issues were not waived by Appellant's failure to file a Pa.R.A.P. 1925(b) statement, the PCRA court lacked jurisdiction to address the claims and grant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/18/2018