J-S08027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTUMIS GORE, | : | |
| | : | |
| Appellant. | : | No. 1395 EDA 2018 |

Appeal from the Judgment of Sentence Entered, September 22, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001594-2017.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 10, 2019**

Artumis Gore appeals from his judgment of sentence imposed after the trial court convicted him of robbery, theft by unlawful taking, and simple assault.[1] After careful review, we vacate the judgment of sentence, and remand for resentencing.

On July 14, 2017, Gore waived his right to a jury trial by signing a written colloquy. The case proceeded to a bench trial before the Honorable Pamela Pryor Dembe. The trial court convicted Gore of the above offenses and imposed an aggregate sentence of to 4 to 8 years of incarceration, and 5 consecutive years of probation for simple assault, graded as a misdemeanor of the first degree.

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3921, and 2701.

_____

*   Former Justice specially assigned to the Superior Court.

Gore appeals *nunc pro tunc*,[2] and raises three issues for our review:

1. Does not the record fail to reflect that Gore knowingly, intelligently, and voluntarily waived his right to a jury trial?

2. Did not the trial court impose an illegal sentence of 5 years of consecutive probation for simple assault, a misdemeanor of the second degree, which has only a two-year statutory maximum and also should have merged with robbery (graded as a felony of the second degree)?

3. Was not the 4 to 8 year sentence imposed for robbery (graded as a felony of the second degree) manifestly excessive and unreasonable, where the trial court upwardly departed from the sentencing guidelines without stating adequate reasons on the record and also misconstrued and double-counted aspects of Gore's prior record?

*See* Gore's Brief at 4.

We will address each of these claims in turn. In his first issue, Gore argues that the trial court failed to conduct an on the record colloquy to ensure his waiver was knowing and intelligent. Specifically, he asserts;

[T]he trial court failed to ascertain that [Gore's] waiver was in fact knowing, intelligent, and voluntary. Although the "Waiver of Jury Trial" form that [Gore] signed stated that a jury would be chosen from members of the community, any verdict must be unanimous, and [he] would be permitted to participate in jury selection, the trial court failed to conduct an on-the record colloquy of [Gore]. Thus, there is no record that [Gore] voluntarily waived his right to a jury. Moreover, the short written form did not indicate he understood the rights he was giving up, the maximum possible sentence, his satisfaction with his attorney, or

---

[2] Initially, Gore did not file a direct appeal. The Commonwealth agreed to reinstate his appeal rights on May 8, 2018. By then, Judge Dembe had retired from the bench, and Judge Brinkley was reassigned this case. Neither judge ever ordered Gore to file a concise statement of matters complained of on appeal, however, Judge Brinkley issued a 1925(a) opinion addressing the weight and sufficiency of the evidence.

> whether anyone was threatening or forcing him to [forgo] his right to a jury trial.

Gore's Brief at 20.

The Commonwealth responds that Gore waived this issue because he failed to make a timely objection before the trial court. We agree.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **In Interest of A.W.**, 187 A.3d 247, 253 (Pa. Super. 2018). Our review of the original notes of testimony reveals that Gore failed to object to the voluntariness of the jury trial waiver at trial or otherwise raise the issue via post-sentence motions. Pa.R.A.P. 302; **see Commonwealth v. Gumpert**, 512 A.2d 699, 703 (Pa.Super.1986) (when there is no objection at trial to a judge's failure to give a jury waiver colloquy, the issue is waived insofar as the trial court is denied the opportunity to correct the deficiency). Accordingly, this claim is waived.

In his second issue, Gore argues the court imposed an illegal sentence of 5 years consecutive probation for simple assault by improperly grading the offense as a misdemeanor of the first degree rather than a misdemeanor of the second degree.

> Simple assault is a misdemeanor of the second degree unless committed: (1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree; or (2) against a child under 12 years of age by a person 18 years or age or older, in which case it is a misdemeanor of the first degree.

18 Pa.C.S.A. § 2701(b).

The Commonwealth concedes the validity of this argument and agrees that Gore's simple assault offense should have been graded as second degree misdemeanor and is entitled to resentencing on this charge. Commonwealth's Brief at 21. Upon review of the record, we agree with both Gore and the Commonwealth that his simple assault conviction should have been graded as a second degree misdemeanor, and his current sentence is illegal. Accordingly, Gore is entitled to resentencing. In addition, given our remand, Gore may present his merger claim at that time. ***Commonwealth v. Jenkins***, 96 A.3d 1055 (Pa. Super. 2014) (explaining that because the defendant's convictions for robbery and simple assault arose from multiple criminal acts, they did not merge for sentencing purposes).

In his last issue, Gore challenges the discretionary aspects of his sentence. He claims the trial court abused its discretion and violated the fundamental sentencing norms by imposing a manifestly excessive and unreasonable sentence. He asserts that the court failed to state adequate reasons for departing from the standard guideline range, misconstrued Gore's prior record, relied on unsubstantiated hearsay, and failed to consider Gore's rehabilitative needs.

We need not address Gore's discretionary aspects claim at this time. Because Gore is entitled to resentencing on his simple assault conviction, the adjustment in his sentence will upset the overall sentencing scheme. As such, we must vacate Gore's judgment of sentence in its entirety, and remand for resentencing on all counts. ***See Commonwealth v. Motley***, 177 A.3d 960,

- 4 -

963 (Pa. Super. 2018) (holding that because its disposition upset the trial court's overall sentencing scheme, it was proper to vacate the judgment of sentence in its entirety, and remand for a complete resentencing).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19