J-S49011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN MICHAEL DUNN | : | |
| | : | |
| Appellant | : | No. 176 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 11, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014780-2018

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                           **FILED DECEMBER 23, 2020**

Appellant, Ryan Michael Dunn, appeals from the judgment of sentence entered on September 11, 2019, following his jury trial convictions for statutory sexual assault, involuntary deviate sexual intercourse (IDSI) – person less than 16 years of age, aggravated indecent assault – complainant less than 16 years of age, corruption of minors, endangering the welfare of a child, and indecent assault – person less than 16 years of age.[1]  For the reasons that follow, we affirm Appellant's convictions, vacate his judgment of sentence, and remand for resentencing.

We briefly summarize the facts and procedural history of this case as follows.  The Commonwealth charged Appellant with various crimes in

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3122.1(b), 3123(a)(7), 3124.1, 3125(a)(8), 3601(a)(1), 4304(a)(1), and 3126(a)(8), respectively.

connection with the sexual abuse of his girlfriend's 13-year-old daughter. Appellant and the victim resided together at the time of the alleged abuse. According to the victim, the abuse began on June 25, 2015, the day after her half-sister was born, and continued over the course of approximately two and one-half years.[2]

Following a trial that concluded on June 10, 2019, a jury convicted Appellant of the aforementioned crimes. On September 11, 2019, the trial court sentenced Appellant to an aggregate term of imprisonment of 214 to 428 months' incarceration followed by a consecutive term of five years of probation.[3] Appellant filed a post-sentence motion on September 19, 2019. The trial court permitted Appellant to file a supplemental post-sentence motion on December 4, 2019. By order entered on January 22, 2020, the trial court denied post-sentence relief. On January 28, 2020, after the trial court denied Appellant relief, the Commonwealth filed a response conceding that the imposition of the mandatory minimum sentence for IDSI was illegal.

_____

[2] As will be discussed in relation to an issue raised on appeal, the victim originally told police that the abuse began a day earlier, the day that her half-sister was born, on June 24, 2015. During their investigation, the police learned that Appellant had an alibi for June 24, 2015. When confronted with Appellant's alibi, the victim later told police that she was initially mistaken and the abuse began on June 25, 2015, the day after the victim's mother gave birth and the victim and Appellant visited the victim's mother in the hospital.

[3] Relevant to this appeal, the trial court sentenced Appellant to a mandatory minimum sentence of 10 years of imprisonment for IDSI, pursuant to 42 Pa.C.S.A. § 9718(a)(1) (sentences for offenses against infant persons).

Appellant filed a notice of appeal on January 30, 2020. On March 2, 2020, Appellant filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 24, 2020.[4]

On appeal, Appellant presents the following issues for our review:

I.    [Whether Appellant's] due process right to a fundamentally fair trial and the right [] to confront the witnesses against him [were] violated when the trial court denied [Appellant's] motions to preclude expert witness testimony and compel the preparation of an expert witness report where the Commonwealth failed to provide notice of its intent to call an expert witness pursuant to 42 Pa.C.S.A. § 5920 until the eve of trial, where the Commonwealth is permitted to circumvent its mandatory discovery obligations pursuant to Pa.R.Crim.P. 573(B)(1)(e), and where the Commonwealth was not required to provide [Appellant] with an expert report pursuant to Pa.R.Crim.P. 573(B)(2)(b)?

II.    Did the trial court err when it excluded testimony [of Appellant's proposed] alibi witnesses relative to an alleged incident date of June 25, 2015, on the grounds that such

---

[4] In its Rule 1925(a) opinion, the trial court noted that it "scheduled a resentencing hearing which was postponed as a result of the Covid-19 pandemic … and request[ed] the case be affirmed in part and remanded to address the sentencing issue." Trial Court Opinion, 6/24/2020, at 3 n.8. More specifically, the trial court:

concede[d] that the imposition of a sentence at Count 2 IDSI, based on a perceived mandatory at 42 Pa.C.S.A § 9718 (a)(1), violates the Sixth Amendment to the United States Constitution pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013). Appellant is therefore entitled to a resentencing hearing at Count 2. Since resentencing [] may upset the [trial c]ourt's overall sentencing scheme, [the trial court] requests that the record be returned to it so that a full resentencing hearing may occur.

***Id.*** at 8.

testimony was irrelevant after the accuser changed her testimony concerning the date of the incident, where such evidence was nonetheless probative of the accuser's credibility?

III. Did the trial court impose an illegal mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718(a)(1) at Count 2 – IDSI – person less than 16 years of age?

IV. […]Did the trial court abuse its discretion in sentencing by considering and/or relying upon improper factors; namely, its own apparent assessment and/or diagnosis that [Appellant] suffers from "pedophilia"?

Appellant's Brief at 6-7 (superfluous capitalization omitted).

Appellant's first two issues challenge the trial court's evidentiary rulings. On such issues, our Supreme Court has set forth our standard of review as follows:

The standard of review governing evidentiary issues is settled. The decision to admit or exclude evidence is committed to the trial court's sound discretion, and evidentiary rulings will only be reversed upon a showing that a court abused that discretion. A finding of abuse of discretion may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Matters within the trial court's discretion are reviewed on appeal under a deferential standard, and any such rulings or determinations will not be disturbed short of a finding that the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case.

*Commonwealth v. Koch*, 106 A.3d 705, 710–711 (Pa. 2014) (internal citations and quotations omitted); *see also Commonwealth v. Smith*, 206 A.3d 551, 560 (Pa. 2019) (expert evidence subject to abuse of discretion standard).

- 4 -

In his first issue presented, Appellant argues that the trial court erred in denying his requests to compel the preparation of an expert witness report and/or to preclude expert witness testimony at trial. Appellant offers the following factual summary in support of his claims:

> On the eve of trial, the Commonwealth notified [Appellant] *via* email of its intent to call an expert in victim behaviors and responses pursuant to 42 Pa.C.S.A. § 5920.
>
> The Commonwealth attached to its email a letter from Jamie Mesar, the Commonwealth's proffered Section 5920 expert, dated May 31, 2019, and addressed to [the Commonwealth]. The letter indicates that as "an expert witness in the area of child sexual abuse, [Mesar] would be prepared to discuss, in general, the typical ways children disclose abuse, how they react to child sexual abuse and coping mechanisms they may use. The letter also provides citations to five articles on various subjects "which will further [Mesar's] testimony (although [Mesar's] testimony will not be limited to this information)."
>
> The following morning, on June 4, 2019, [Appellant] filed a motion to preclude expert witness testimony. Specifically, [Appellant sought] to preclude Mesar's testimony on the grounds that (1) the Commonwealth failed to disclose an expert report "detailing the actual opinions of the expert, or the basis and grounds for said opinion"; and (2) the Commonwealth's late disclosure of its intent to call Mesar as a Section 5920 expert prevented [Appellant] from effectively confronting her by permitting him to conduct his own research, from locating and consulting with a defense expert, and from developing potential rebuttal evidence. Based on these circumstances, [Appellant] contended, the admission of said expert testimony would violate his due process right to a fundamentally fair trial and his right to confront witnesses against him.
>
> [Appellant] also filed a motion to compel additional discovery [and the] preparation and disclosure of an expert witness report. Therein, he argued that, in the absence of an expert report which details the substance of Mesar's expert opinions and/or conclusions and the bases therefore, [Appellant] could not effectively confront said testimony, or seek the opinion of his own

expert and, thus, preparation and disclosure of a report pursuant to Pa.R.Crim.P. 573(B)(2)(b) was appropriate.

Appellant's Brief at 10-11 (superfluous capitalization and record citations omitted).

On appeal, Appellant maintains that the admission of Mesar's testimony violated Section 5920 because notice of her anticipated appearance as a witness came so close to the eve of trial and because the Commonwealth failed to disclose Mesar's opinions as an expert under Rule 573. Appellant's Brief at 24. Appellant argues that the Commonwealth's notification of its intent to call a Section 5920 expert "at the close of business on the night before jury selection was to commence" was "egregiously late and insufficient" which "resulted in a trial by ambush [that] deprived [Appellant] of a fundamentally fair trial[.]" *Id.* at 28 (original emphasis omitted). Appellant also claims that the "two-page letter" from the proffered expert did not apprise him of the subject matter, the substance of the facts, or a summary of her opinions and expected trial testimony. *Id.* at 25. For this reason, Appellant argues that it was essential for the Commonwealth's expert to prepare a report in order to limit the scope of her trial testimony and to allow Appellant effectively to cross-examine her. *Id.* at 26. Appellant concludes that he is entitled to relief because the Commonwealth failed to provide proper notice of its intent to call an expert witness pursuant to 42 Pa.C.S.A § 5920, because the Commonwealth circumvented its mandatory discovery obligations pursuant to Pa.R.Crim.P. 573(B)(1)(e), and because the Commonwealth was

not compelled, in the alternative, to produce an expert report pursuant to Pa.R.Crim.P. 573(B)(2)(b).

Expert testimony pertinent to victim responses and behaviors in cases of sexual abuse is governed by 42 Pa.C.S.A. § 5920, which provides, in relevant part:

**§ 5920. Expert testimony in certain criminal proceedings**

\*\*\*

**(b) Qualifications and use of experts**.—

(1)  In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.

(2)  If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.

(3)  The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible.

(4)  A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S.A. § 5920 (footnote omitted).

We discern no abuse of discretion or error of law in the trial court allowing the Commonwealth's Section 5920 sexual abuse expert to testify at trial.  As the text of Section 5920(b)(2) makes clear, a qualified expert witness

may testify to facts and opinions regarding specific types of victim responses and victim behaviors. Both the Commonwealth and the defense may introduce testimony under Section 5920(b)(4). Section 5920 has no notice requirement and does not require the production of an expert report. Here, the Commonwealth sent Appellant notice of its intent to call Mesar as a witness and forwarded a copy of the sexual abuse expert's letter outlining her proposed testimony.[5] Section 5920 provides that she was permitted to testify about "the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted." 42 Pa.C.S.A. § 5920(b)(1). The expert's letter and trial testimony fell squarely

---

[5] Appellant attached a letter from Jamie Mesar, the Commonwealth's proffered Section 5920 expert, as Exhibit A-2 to his motion *in limine* to preclude the expert testimony. More specifically, the letter states that the witness is "available to provide information and testimony that may assist a judge and/or jury in understanding the dynamics of child sexual abuse victims, their responses to child sexual abuse, and the impact of child sexual abuse on the victims." The letter explains that the expert is generally prepared "to discuss the typical ways children disclose abuse, how they react to child sexual abuse, and coping mechanisms they may use." The expert states that she will explain that disclosure of child sexual abuse may be tentative, gradual, never made, or later recanted for a wide variety of reasons including fear, threats, a relationship to the abuser, unintended consequences of the disclosure, bribes, and/or shame. She further opines that there is no "normal" response to child sexual abuse and that victims experience a wide variety of emotions and responses. Based upon the foregoing, we reject Appellant's claim that the letter failed to apprise him of the subject matter of Mesar's anticipated testimony or failed to summarize the expert's opinions and expected trial testimony.

within those perimeters.[6]  N.T., 6/6/2019, at 90-121.  Defense counsel cross-examined the Commonwealth's expert at length.  *Id.* at 109-121. Moreover, while Appellant claims that he was not able to properly rebut the Commonwealth's expert, Section 5920 permitted him to call his own expert in anticipation of trial regardless of whether the Commonwealth intended to call one.  He did not.  Further, if there were defense expert evidence pursuant to Section 5920 to refute the Commonwealth's sexual abuse expert, Appellant has still failed to identify or produce it.  Appellant had every right to retain and consult an expert under Section 5920, but he never retained one.   In sum, we conclude that the letter from the Commonwealth's proffered sexual abuse expert disclosed the nature and scope of her anticipated testimony within the parameters permitted by Section 5920 and that she confined her trial testimony to the areas allowed by the statute.  Hence, the admission of her testimony was neither an error nor an abuse of discretion under Section 5920.

We now turn to Appellant's claim that the trial court erred in refusing to order an additional or supplemental expert report under Pa.R.Crim.P. 573, which governs both mandatory and discretionary disclosures in criminal

---

[6]  In fact, the expert testified that she was not privy to any personal information about the victim or the specific criminal allegations in this matter. N.T., 6/6/2019, at 103-104.  Because the expert did not know any of the specific facts in this matter, her letter explaining that she would testify generally about victim disclosure, victim responses, and coping mechanisms satisfied the Rule 573(B)(2)(b) requirement regarding the substance of the facts to which the expert is expected to testify.

matters. Pursuant to Pa.R.Crim.P. 573, the Commonwealth is required to disclose, prior to trial "any results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant that are within the possession or control of the attorney for the Commonwealth." Pa.R.Crim.P. 573(B)(1)(e). "If an expert whom the attorney for the Commonwealth intends to call in any proceeding has not prepared a report[,]" the trial court, in its discretion "may order that the expert prepare, and that the attorney for the Commonwealth disclose, a report stating the subject matter on which the expert is expected to testify; the substance of the facts to which the expert is expected to testify; and a summary of the expert's opinions and the grounds for each opinion." Pa.R.Crim.P. 573(B)(2)(b).

As set forth above, under Rule 573(B)(1)(e), the Commonwealth, upon request, must disclose any expert report in its possession. In addition, if the Commonwealth intends to call an expert who has not prepared a report, the court, under Rule 573(B)(2)(b), may direct the preparation and disclosure of a report. Here, the Commonwealth disclosed to Appellant a letter outlining Mesar's proposed testimony and there were no additional reports in the Commonwealth's possession. Because Mesar's letter outlined her proposed

testimony under Section 5920, no additional report was necessary, and the trial court did not err in refusing to order one.[7]

Finally, we address Appellant's contention that he received late notice of the Commonwealth's intent to call its Section 5920 expert. Under Pa.R.Crim.P. 573(E), the trial court enjoys broad discretion to impose remedies to address discovery violations. It "**may** prohibit [a] party from introducing evidence not disclosed... or it **may** enter such other order as it deems just under the circumstances." Pa.R.Crim.P. 573(E) (emphasis added). The trial court may also grant a continuance. *Id.*; *see also Commonwealth v. Smith*, 955 A.2d 391, 395 (Pa. Super. 2008) ("[A] continuance is appropriate where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise."). Moreover, this Court has previously determined:

> If a discovery violation occurs, the court may grant a trial continuance or prohibit the introduction of the evidence or may enter any order it deems just under the circumstances. Pa.R.Crim.P. 573(E). The trial court has broad discretion in choosing the appropriate remedy for a discovery violation. Our scope of review is whether the court abused its discretion in not excluding evidence pursuant to Rule 573(E). A defendant seeking

---

[7] In its opinion, the trial courted stated that "the record d[id] not reflect whether Appellant requested an additional report." Trial Court Opinion, 6/24/2020, at 6. Upon review, it appears that Appellant, on June 4, 2019, filed a motion to compel additional discovery, including the preparation and disclosure of an expert report "consistent with the standards provided under Pa.R.Crim.P. 573(B)(2)(b)." Motion to Compel, 6/4/2020. To the extent the trial court relied upon Appellant's alleged failure to file a motion seeking disclosure of a supplemental report to deny his request under Pa.R.Crim.P. 573(B)(2)(b), we reject this finding as contrary to the record.

relief from a discovery violation must demonstrate prejudice. A violation of discovery does not automatically entitle appellant to a new trial.

Rather, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure.

***Commonwealth v. Causey***, 833 A.2d 165, 171 (Pa. Super. 2003) (internal quotations and case citations omitted).

Again, no notice was required under Section 5920. Additionally, Rule 573 does not specifically address the timing of disclosures and merely provides potential remedies for noncompliance. Here, the trial court determined there was no discovery violation and, for the reasons stated above, we agree. Moreover, while Appellant baldly contends that late disclosure affected his strategy and that he was prejudiced, he has not set forth any evidence that refutes the Commonwealth's expert opinion. Appellant has not demonstrated how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure. Accordingly, for all of the foregoing reasons, we discern no trial court abuse of discretion or error of law in ruling on Appellant's first evidentiary claim.

Next, Appellant claims that the trial court erred by precluding him from calling alibi witnesses. More specifically, Appellant argues:

The accuser in this case alleged a lengthy pattern of sexual abuse perpetrated against her by [Appellant]. In her reports to the police, and in her sworn testimony at [Appellant's] preliminary hearing, the accuser had consistently said that the first instance of abuse occurred on a date certain[, June 24, 2015,] - the date of the birth of her sister, the father of whom is [Appellant]. Prior to trial, Appellant filed a [n]otice of [a]libi, which identified several

- 12 -

alibi witnesses. All of these people accounted for [Appellant's] whereabouts on the night in question: he was at the hospital, witnessing the birth of his daughter. After [Appellant's] alibi notice was filed, investigators for the Commonwealth confronted the accuser with the fact that [Appellant's] alibi witnesses would confirm that [Appellant] was at the hospital where his daughter was born, and not at home [assaulting the accuser]. Only after being confronted with this information, the accuser changed her account concerning when the first instance of abuse occurred, stating that the first assault actually occurred on [June 25, 2015,] a different date than the one she had previously provided.

The trial court, relying exclusively on **Commonwealth v. Zimmerman**, 571 A.2d 1062 (Pa. Super. 1990), erred when it granted the Commonwealth's motion to exclude the testimony of [Appellant's] alibi witnesses on the grounds that their testimony was rendered irrelevant by the fact that the accuser changed the originally alleged offense date. Contrary to the trial court's ruling and despite the fact that the accuser changed her account concerning when the first instance of abuse occurred, testimony of the alibi witnesses was still probative of the accuser's credibility. Specifically, their testimony would have been probative of a central and essential question that needed to be resolved by the jury in determining [Appellant's] guilt or innocence: whether the accuser was merely mistaken about the date of the first assault or whether she was lying.

Appellant's Brief at 33-34.

Accordingly, Appellant maintains:

At the time the accuser was confronted by law enforcement officers with [Appellant's] notice of alibi, the accuser knew that [Appellant] was proceeding to trial and that [Appellant's proffered alibi witnesses] - her close family members - would be called at trial to directly contradict her story. It was simply not enough for the jury to understand that the accuser changed her story when confronted with [Appellant's] alibi witnesses. The jury needed also to understand why.

In making the credibility assessments essential to determining [Appellant's] guilt or innocence, the jury was entitled to explore the relationships between the accuser and [Appellant's] alibi witnesses because the accuser knew that these would be the people called to directly contradict her version of events.

- 13 -

Additionally, the jury was entitled to assess the credibility of [Appellant's] alibi witnesses in comparison to that of the accuser. This is so because the accuser may well have thought that the police, the District Attorney's Office and, ultimately, the jury would credit the testimony of her close family members over her own and that this and this alone is what caused the accuser to change her story. This, in turn, could permit the reasonable conclusion that the accuser's allegations should be disbelieved altogether.

*Id.* at 45 (original emphasis omitted).

On this issue, the trial court stated:

Appellant filed a [n]otice of [a]libi and listed several witnesses who could account for Appellant's whereabouts for the original incident date. The Commonwealth notified Appellant prior to trial that the victim had realized she had made a mistake about the date of the incident, and that the incident occurred one day later than she had originally reported. Appellant did not amend the [n]otice of [a]libi. Counsel for Appellant cross-examined the victim extensively on this issue at trial. The victim stated that, when she was confronted with the information that Appellant had an alibi for the original incident date, she reflected further and corrected her statement, indicating that the event occurred a day later than she initially stated.

Trial Court Opinion, 6/24/2020, at 7 (record citations omitted). Citing *Zimmerman*, the trial court opined that once the Commonwealth notified Appellant that it intended to prove that Appellant abused the victim on June 25, 2015, rather than on June 24, 2015, Appellant's proposed alibi defense concerning June 24, 2015 became irrelevant. *Id.* at 7-8. We discern no abuse of discretion or error of law in making that assessment.

Appellant, however, argues that the trial court should have permitted his proffered alibi witnesses to testify about June 24, 2015 in order to test the victim's credibility, despite the victim having corrected the date of the first

- 14 -

alleged incident of abuse. Appellant has not cited any legal authority, and our independent research has not revealed any support, for such a proposition. Our Supreme Court has determined that "[g]enerally, in order to constitute an alibi, evidence must preclude the possibility of a defendant's presence at the scene of the crime. Its relevance depends on precluding the possibility that the defendant committed the offense; otherwise it is not an alibi." *Commonwealth v. Johnson*, 139 A.3d 1257, 1285–1286 (Pa. 2016) (internal citation, quotations, ellipsis, and original brackets omitted). Appellant admits that he did not intend to present the proffered witnesses to preclude the possibility of his presence at the crime scene. For this reason, we conclude that the proposed witnesses were no longer offered to provide an alibi and that the trial court did not err in precluding Appellant from calling them.[8] Accordingly, there is no merit to Appellant's second appellate claim.

_____

[8] Moreover, this Court has previously determined:

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.
>
> In a rape case, evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as

Appellant's last two claims challenge the sentence imposed by the trial court. In his third claim, Appellant argues that the sentence imposed for IDSI pursuant to 42 Pa.C.S.A. § 9718(a)(1) is illegal because Section 9718 was declared unconstitutional. Appellant's Brief at 47-51. Appellant's fourth claim asserts that the trial court abused its discretion by relying "on improper factors in imposing sentence; namely, that the trial court relied on its own apparent assessment and/or diagnosis that [Appellant] suffers from pedophilia." *Id.* at 52. Because we agree that the sentence imposed for IDSI was unlawful, we vacate the sentencing scheme ordered by the trial court and remand for resentencing. Moreover, we decline to consider Appellant's challenge to the discretionary aspects of his punishment.

> Here, as previously mentioned, the trial court:

> concede[d] that the imposition of a sentence at Count 2 IDSI, based on a perceived mandatory at 42 Pa.C.S.A. 9718(a)(1), violates the Sixth Amendment to the United States Constitution pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). Appellant is therefore entitled to a resentencing hearing at Count 2. Since resentencing at this [c]ount may upset the [trial c]ourt's overall sentencing scheme, [the trial court] requests that the record be returned to it so that a full resentencing hearing may occur.

Trial Court Opinion, 6/24/2020, at 8.

---

non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order.

*Commonwealth v. Luther*, 463 A.2d 1073, 1077–1078 (Pa. Super. 1983) (internal citations and quotations omitted).

Our Supreme Court has declared Section 9718 unconstitutional. *See Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016) (finding that "Section 9718 is irremediably unconstitutional on its face, non-severable, and void."). When the trial court applies a facially unconstitutional sentencing statute, the resultant sentence is illegal and it must be vacated. If vacating a sentence upsets the trial court's overall sentencing scheme, however, we must vacate the entire judgment of sentence and remand for resentencing. *See Commonwealth v. Motley*, 177 A.3d 960, 963 (Pa. 2018). "The vacated sentence has become a legal nullity" and "an entirely new sentence must be imposed." *Commonwealth v. Caple*, 121 A.3d 511, 524 (Pa. Super. 2015). Because a new sentence will be imposed, the reasons the trial court gave for imposing the original sentence are now entirely irrelevant and we need not address Appellant's discretionary sentencing claim.

In sum, Appellant is not entitled to relief on his evidentiary claims and we affirm his convictions. The trial court imposed an illegal sentence, however, and we must vacate it. Because vacating Appellant's illegal sentence upsets the trial court's overall sentencing scheme, we remand the matter to the trial court for resentencing without considering Appellant's discretionary sentencing challenge.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/23/2020</u>